(No. 34831.—

Herschel Miller *et al.*, d/b/a Silver Palm, Appellees, *vs.*
The Department of Revenue, Appellant.

*Opinion filed November 26, 1958—Rehearing denied Jan. 22, 1959.*

Latham Castle, Attorney General, of Springfield,
(William C. Wines, Raymond S. Sarnow, A. Zola
Groves, and Samuel A. Kanter, of counsel,) for appellant.

Michael M. Phillips, of Chicago, for appellees.

Mr. Justice Klingbiel delivered the opinion of the
court:

The owners of a night club in the city of Chicago filed
a complaint in the circuit court of Cook County seeking
administrative review of certain deficiencies in sales taxes
assessed by the Department of Revenue. The trial court
entered judgment in plaintiffs' favor on the disputed issue
in the case, holding that in computing the tax they were
entitled to deduct from their gross receipts the net cost of

entertainment provided for the customers. · The Department appeals directly to this court, the public revenue being involved.

The facts are not disputed. Plaintiffs are engaged in the operation of a night club at which food and drinks are served and entertainment is provided. No separate charge is made for the entertainment, the sole charge to the customer being the price of the food and beverages. The only question presented is whether plaintiffs may deduct from their gross receipts, for the purpose of computing sales tax, the amounts paid by them for floor show acts, a band and the theatrical agent who books acts and bands. It is conceded that their books accurately reflect such costs; and the amount of the tax deficiency assessed is not challenged if the amounts representing cost of entertainment are not properly excludable from gross receipts.

To sustain the judgment of the circuit court plaintiffs argue that they are in the business of selling two things to their patrons: first the show or entertainment, and second, the food and drink; that a part of the charge to the customer is in fact for entertainment; and that since receipts for entertainment are not taxable, an apportionment should be made excluding the cost of the entertainment from the measure of the tax. One of the plaintiffs testified that they sell the entertainment at cost without markup; that they could not afford to provide it without including in their pricing a sum equal to its cost; that their prices were higher than those charged by competitors not offering entertainment; and that they could not stay in business if they furnished the entertainment and charged prices for drinks comparable to the prices of such competitors. The witness acknowledged that there was no customer breakdown between entertainment and cost of drinks. The Department contends that the patrons are charged only for food and drinks, that the entertainment was a mere means of induc-

ing them to purchase such food and drinks; and that the tax must therefore be measured by all the gross receipts.

The Retailers' Occupation Tax Act (Ill. Rev. Stat. 1955, chap. 120, par. 440 *et seq.*) imposes a tax upon persons engaged in the business of selling tangible personal property at retail, and the tax is measured by the gross receipts from such sales. If the thing sold is personal, professional or other service, and not tangible property, receipts therefrom cannot be included in measuring the tax. It is not disputed that if plaintiffs made a separate charge for entertainment, to be paid regardless of whether the customer ordered refreshments, the receipts therefrom would be excluded. Thus under the rules promulgated by the Department, cover charges are not included in taxable gross receipts where they are made exclusively for the privilege of occupying space and where payment thereof does not entitle the patron to any food, beverage, or other tangible personal property.

But the plaintiffs make no separate charge for entertainment. They sell only food and beverages, and the customer pays nothing for the entertainment as such. He is entitled to enjoy it regardless of the amount he pays for food or drinks. That amount is governed entirely by the type and quantity of food and beverage ordered, and has no relationship to the entertainment he receives. Under such circumstances the plaintiffs' cost of entertainment differs in no material respect from the expense of providing recorded music, television, a piano player, attractive decorations, or other inducements to patronage. Such items are simply part of the costs of conducting the business of selling food and beverages at retail, and the fact that their amount makes it necessary to charge seventy-five cents, rather than thirty-five cents, as the price of a drink is of no significance in determining the nature of the sales. The statutory definition of selling price in effect during the period covered

by the present assessment is found in section 1 of the act, which provides, insofar as it is relevant, that " 'Selling price' or the 'amount of sale' means the consideration for a sale valued in money  \*  \*  \*  without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost, or any other expense whatsoever." (Ill. Rev. Stat. 1955, chap. 120, par. 440.) It is clear that the tax must be computed on plaintiffs' entire gross receipts, without deduction for costs of entertainment. There were no sales of entertainment but only of food and beverages.

It is argued that funeral directors and construction contractors frequently sell items of personal property together with services, making a lump sum charge therefor; that under the Department's regulations only that portion of the receipts representing the value of the tangible personal property is includable for the purpose of computing the sales tax; and that an unjust discrimination is made against proprietors of night clubs. The argument cannot be accepted. Such cases differ from the plaintiffs' transactions in that skill or service is bargained for in addition to the personal property, and a definite relationship exists, in the individual transaction, between the price paid and the services received. In plaintiffs' business the customer is charged and pays only for the food and beverage. He does not purchase entertainment. The latter is supplied as an incident or inducement to the sale of food and beverage, and its value has been included in fixing the prices therefor. See *Nelson & Sons Co*. v. *Dept. of Finance,* 365 Ill. 401, 404.

For similar reasons plaintiffs' business is distinguishable from that of a night club which makes a cover charge, payable regardless of whether the customer buys food or drink. In the latter case all patrons pay the same for the entertainment, the price of which is the amount of the cover charge. Under the plaintiffs' practice, however, the sales are obviously of food and drink only. One patron may

consume several drinks during his stay, while another may have only one drink, remain the same length of time, and enjoy the same entertainment. Each pays in proportion to the food and drink ordered and not in proportion to the entertainment received.

The circuit court erred in excluding from plaintiffs' gross receipts an amount equal to the cost of entertainment. The judgment is reversed and the cause is remanded with directions to enter judgment in accordance with the views herein expressed.

*Reversed and remanded, with directions.*