(No. 44501.—

LEONARD RODMAN *et al.*, Admrs., Appellants, v. THE DEPARTMENT OF REVENUE, Appellee.

*Opinion filed March 30, 1972.—Rehearing denied May 25, 1972.*

FREDERICK J. HERTZ and MICHAEL M. PHIL-LIPS, both of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield (JOSEPH O. RUBINELLI, Special Assistant Attorney General, and FRANCIS T. CROWE and CALVIN C. CAMPBELL, Assistant Attorneys General, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

An assessment in the amount of $19,165.72 was made by the defendant, the Department of Revenue of the State of Illinois, under the Retailers' Occupation Tax Act (Ill.Rev.Stat. 1961, ch. 120, par. 440 *et seq.*), against the plaintiffs, Leonard Rodman and Alan Rodman, administrators of the estate of Meyer Rodman, doing business as Fashion Woolen Company. The decision was reviewed in the circuit court of Cook County under the Administrative Review Act (Ill.Rev.Stat. 1969, ch. 110, par. 264 *et seq.*) and was affirmed.

Rodman, as we shall refer to the plaintiffs, is in the business of selling garments, principally men's suits. Rodman sells only garments which are custom-made, that is, which are made according to a customer's individual specifications. When the customer is billed, a single statement is prepared; there is no apportionment of the charges for labor and materials.

Directly relevant here are amendments enacted in 1961 to the Retailers' Occupation Tax Act (Ill.Rev.Stat. 1961, ch. 120, par. 440) and its complement, the Use Tax Act (Ill.Rev.Stat. 1961, ch. 120, par. 439.2). The amendments, which are in almost identical language, provide: "A person who holds himself out as being engaged (or who habitually engages) in selling tangible property at retail shall be deemed to be a person engaged in the business of selling tangible personal property at retail hereunder with respect to such sales (and not primarily in a service occupation) notwithstanding the fact that such person designs and produces such tangible property on special

order for the purchaser and in such a way as to render the property of value only to such purchaser, if such tangible property so produced on special order serves substantially the same function as stock or standard items of tangible personal property that are sold at retail." (S.B. No. 566.) Persons subject to tax under these amendments are taxed on the basis of gross receipts. Rodman contends that he is not subject to taxation under these amendments. He says that because of the nature of his business he is liable for tax only under the Service Use Tax Act (Ill.Rev.Stat. 1967, ch. 120, par. 439.31 *et seq.*), which tax is calculated on the cost of goods used or on 50% of gross receipts, if the taxpayer does not furnish proof of the cost of goods.

Rodman argues first that the amendments have application to the sale of custom-made garments only if the seller also engages in the sale of stock clothing. The argument is similar to one recently presented in *Spagat v. Mahin (1971), 50 Ill.2d 183,* where we considered whether the sale of wall-to-wall carpeting was taxable under the Retailers' Occupation Tax Act. It was there contended that the amendments were intended to apply only if the prospective purchaser had a choice between an "over the counter" item and the same kind of item to be produced on special order. We rejected the contention on the ground that the relevant and controlling question is whether the personal property custom-produced serves substantially the same function as stock items of personal property. We observed: "Wall-to-wall carpeting and carpeting purchased over the counter from a retailer do serve 'substantially the same function', *i.e.,* a floor covering, even though the stock carpeting does not conform to the exact configuration of the floor area to be covered." (50 Ill.2d 183, 188.) Without depreciating the tailor's art, we must say that custom-made suits serve "substantially the same function" as those purchased from stock.

Another, and not unreasonable, argument or proposition of Rodman is that the legislature cannot tax service-

men as retailers, if in fact they are servicemen and not retailers. He points to *Paris Co. v. Lyons (1956), 8 Ill.2d 590*, where we noted that a rule of the Department considered custom tailors to be in a service occupation and exempted from retailers' occupation tax liability. However, custom tailors are no longer exempt by a rule of the Department. At the time of the amendments' enactment the Department issued its Rule 23 which superseded the rule referred to in *Paris* and which provides:

"RETAILERS OF CLOTHING

1. WHEN LIABLE FOR TAX. Persons who engage in the business of selling clothing to purchasers for use or consumption and not for resale incur retailers' occupation tax liability when making such sales whether such clothing is sold as a stock or standard item or whether it is produced on special order for the purchaser. Suits, hats and other forms of clothing, when made on special order, serve substantially the same function as stock or standard clothing items that are sold at retail.

2. PRODUCTION LABOR COST NOT DEDUCTIBLE. In computing retailers' occupation tax liability on the retail sale of custom-made clothing, no deduction may be taken for the cost of labor involved in producing the finished item for sale. This is true whether such production labor is included in a lump sum price with the tangible personal property or whether such production labor is priced separately from the tangible personal property. The thing that is being sold is the finished item of clothing, and the cost of labor involved in making such item is no more deductible than is the cost of labor that is involved in producing a stock or standard item for sale.

3. EFFECTIVE DATE. This rule is effective August 1, 1961."

It is said too, that our holding in *Spagat* should not be applied here, because the seller in *Spagat* separately charged for the carpeting. In contrast, Rodman says, he makes no separate charge for the cloth, lining, buttons and other materials from which he makes a suit. We cannot find significance in this. The seller of carpeting does not separately charge for the wool, cotton, polyester and other materials which make up the product. The really signifi-

cant criterion was described by us in *Velten &. Pulver, Inc. v. Department of Revenue (1963), 29 Ill.2d 524, 530,* where it is said: "*** if the article sold is the substance of the transaction and the service rendered is merely incidental thereto and an inseparable part of the transfer to the purchaser of the article sold, then the vendor is engaged in retail selling." We judge the Department correctly concluded that in Rodman's business the suit or other garment sold is the substance of the transaction and the designing and other service are but incidental.

It is argued too, that the amendment is drawn in terms so indefinite that it must be considered invalid as an unconstitutional delegation of legislative authority. Referring to the language "serves substantially the same function as stock items that are sold at retail," Rodman contends that the word "substantially" is too vague and indefinite to limit and control the Department's administration of the Act. Unquestionably a statute conferring discretionary authority upon an administrator without properly defining the terms under which discretion is to be exercised is void as an unlawful delegation of legislative authority. *(Krol v. County of Will (1968), 38 Ill.2d 587, 593.)* It is true that "substantially" is not a sharp-edged, precise word. As "reasonable" and similar terms, it is a supple word, but one that is consistently understood, though broadly used. It has certainly acquired recognized meaning within legal understanding, *e.g.,* "substantially performed." In *Missouri Pacific R.R. Co. v. Commerce Com. ex rel. Brotherhood of Railroad Trainmen (1948), 401 Ill. 241, 250,* this court observed that "a statute imposing a duty in general terms is not void for uncertainty if the words used *** have acquired an established meaning through established precedents." And in *People ex rel. Howard v. Chicago and Eastern R.R. Co. (1921), 296 Ill. 246, 249,* it was said: "The word substantial, as ordinarily used, means essential, material, or fundamental." The use of the word "substantially" is not constitu-

tionally offensive as being too vague and too indefinite a delegation of legislative authority. The legislature's direction to the Department and guideline for its administrative rulings were that custom-made personal property in order to be taxed under the amendment must serve substantially or essentially the same purpose as stock or standard items of personal property that are sold at retail.

The last claim of Rodman is that the decision of the Department that he was a retailer was against the manifest weight of the evidence. The basis of the argument is that there was not evidence that he buys clothing and resells it. But as we have already said it was not necessary that he buy, stock and resell standard items in order to be deemed a retailer. There was testimony at the administrative hearing that Rodman does sell custom-made garments and it is clear that the garments serve substantially the same function as stock or standard suits and other items of apparel.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*