(No. 44579.—)

THE CITY OF WILMINGTON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Treva Moberly, Appellee.)

*Opinion filed Oct. 2, 1972.—Rehearing denied Nov. 29, 1972.*

WILLIAM J. CATENA, of Chicago, for appellant.

GEISTER, SCHNELL, RICHARDS & BROWN, of Elgin (DONALD J. WEAVER, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

An arbitrator for the Industrial Commission found that Manus Moberly had died on September 14, 1968, as the result of an accidental injury which arose out of and in the course of his employment by the respondent, the City of Wilmington, and awarded compensation to Moberly's widow, the petitioner. The Commission affirmed, and its decision was confirmed by the circuit court of Cook County.

The petitioner's application for adjustment of claim named as respondents the "City of Wilmington, a municipal corporation, and Greer Technical Institute, a corporation." The dispute before the arbitrator centered upon which of the two respondents was the decedent's employer

at the time of the accident, and the parties stipulated that the "questions in dispute in this case are whether on said date the relationship of employee-employer existed between the deceased,. Manus Moberly, and said Respondents, namely, the City of Wilmington, a Municipal Corporation and Greer Technical Institute, a Corporation; whether on the date last above mentioned said decedent sustained accidental injuries arising out of and in the course of employment of said Respondents."

The deceased was a regular employee of the Greer Technical Institute and he normally worked 40 hours a week, five days a week, as an instructor. For two or three weeks prior to the date of the accident he and two other Institute instructors had been working evenings and weekends in clearing land for a "polishing pond" to be used in conjunction with the sewage treatment plant of the City of Wilmington. The City's water superintendent testified to the nature of the work to be done and to the work done by the deceased and the other Institute instructors. He testified that on September 14, 1968, the decedent was operating a bulldozer subject to the witness's direction. He also testified to the length of time during which the decedent had been so employed and the rate of compensation that had been fixed by the city council. The following colloquy then took place:

"MR. RICHARDS [attorney for the claimant] : I take it we are stipulating as to the accident on September the 14th? That he was killed?

ARBITRATOR: You have the death certificate. The death certificate shows that there was death on that date.

MR. CATENA [attorney for the city] : I have no objection. I state the man died from an accident that day.

ARBITRATOR: By [sic] whom he was working for is the question. They stipulated the accident. You did the same, Mr. Masters [attorney for Greer Technical Institute] , in regard to your Respondent?

MR. MASTERS: Yes.

ARBITRATOR: That there was an accident and the decedent in this case, Mr. Moberly, died?

MR. MASTERS: Died as a result of that accident. There is no problem there."

The manager of Greer Technical Institute testified that officials of the City of Wilmington, whom he named, had sought his assistance in connection with the land clearing project, and that he had donated the use of heavy machinery owned by the Institute. He said that the Institute received no compensation and that it was "[j]ust the same as if you walk over to me 'John, can I borrow your hammer today. And I loan it to you'." He testified that the Institute did not pay any compensation to the three of its employees, including the decedent, who were engaged in the land clearing operation, for the work they did in that connection.

It is clear from the record that there was no dispute before the arbitrator as to the fact that the accident had occurred and that it had caused the decedent's death. Those facts were stipulated. The City's water superintendent testified that the fatal accident occurred on the land that was being cleared under his direction. From these facts the Commission could properly conclude that the deceased died as the result of an accident which arose out of and in the course of his employment by the City. (*City of Chicago v. Industrial Com. (1970), 45 Ill.2d 350; Consumers Co. v. Industrial Com. (1936), 364 Ill. 145; Ervin v. Industrial Com. (1936), 364 Ill. 56.*) The details of the accident and the precise manner in which it brought about the death of the decedent were therefore not important. His age, marital status and the number of his dependents were established by the testimony of his widow. The date of his death was established by her testimony and by a certified copy of the death certificate which was received in evidence without objection. It cannot, in our opinion, be said that the award was contrary to the manifest weight of the evidence.

The position adopted by the City of Wilmington in this court disregards the proceedings that took place

before the arbitrator. In its opening brief the City does not so much as mention Greer Technical Institute, nor does it suggest the possibility that the decedent may have been an indepedent contractor. Apart from matters disposed of by what has already been said, it argues that "a certified copy of death certificate listing cause of death, is not admissible as prima facie evidence of the cause of death." The certified copy of the death certificate which was received in evidence to show the date of death also showed as the cause of death "[s] truck by falling tree," and the City cites *People v. Fiddler (1970), 45 Ill.2d 181,* and *Plano Foundry Co. v. Industrial Com. (1934), 356 Ill. 186,* in support of the contention that a death certificate is not admissible to prove the cause of death. That contention has no place in this case because the cause of death was not a disputed issue and the City had admitted that the decedent died as a result of the accident that took place on the day in question.

The petitioner has asked that we reverse the judgment of the circuit court insofar as it refused to include in its judgment interest on the Commission's award. (See Ill. Rev.Stat. 1967, ch. 74, par. 3; *Proctor Community Hospital v. Industrial Com. (1971), 50 Ill.2d 7; Richards v. Industrial Com. (1969), 44 Ill.2d 150, 154.*) But the petitioner did not cross-appeal from the judgment, and the issue is not properly before this court. Ill.Rev.Stat. 1971, ch. 110A, par. 303; S.H.A., ch. 110A, par. 303, Committee Comments, par. (b), at p. 561; *Schmitt v. Heinz (1955), 5 Ill.2d 372, 383; Pelouze v. Slaughter (1909), 241 Ill. 215, 225; Street v. Thompson (1907), 229 Ill. 613, 620-1.*

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*