TERRACE CARPET CO., Plaintiff-Appellee, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellant.

Second District (1st Division)   No. 75-537

William J. Scott, Attorney General, of Chicago (Ann Sheldon and Patricia Rosen, Assistant Attorneys General, of counsel), for appellant.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff sought administrative review of an order of the Illinois Department of Revenue which assessed retailers' occupation tax against the plaintiff on receipts from the installation of wall to wall carpeting in the amount of $22,395, including interest and statutory penalties. The circuit court reversed and entered judgment for the plaintiff. The Department appeals contending that the taxpayer's expense of installation of the carpeting was not a valid deduction from gross receipts because there was no evidence that the work was separately contracted for by customers.

The taxpayer is engaged in the retail sale of wall to wall carpeting. The deductions for labor for installing the carpeting sold for the period from January 1970 through October 1972 were disallowed by an auditor for the Department because the taxpayer had either billed the customer for the carpet and labor in a lump sum or had billed the customer separately but with no separate billing agreement having been signed by the customer.

There is testimony that the plaintiff employed five or six special carpet installers during the tax period who were specially trained members of the Carpenters' Union doing only the installation work at the customers' homes. It further appears that the labor charges for installation averaged approximately one-fourth of the total bills. A substantial number of plaintiff's customers purchased wall to wall carpeting on special order. The installers would first visit the customer's home, measure the rooms, make a diagram, and later install the carpeting after it had been cut at the plaintiff's store. No tax was collected from customers on the installation charges.

The Retailers' Occupation Tax Act imposes a tax upon persons engaged in the business of selling tangible personal property at retail based on a percentage of the gross receipts measured by the total selling price of such sales with certain exclusions. (Ill. Rev. Stat. 1973, ch. 120, par. 441.) Selling price is defined as:

> "* * * the consideration for a sale valued in money * * *, and shall be determined *without any deduction on account of the cost*

*of the property sold, the cost of materials used, labor or service cost or any other expense whatsoever \* \* \*.*" (Ill. Rev. Stat. 1973, ch. 120, par. 440.) (Emphasis added.)

Under statutory authority to "make, promulgate and enforce such reasonable rules and regulations \* \* \* as may be deemed expedient" (Ill. Rev. Stat. 1973, ch. 120, par. 451), the Department issued its Rule 20 which was introduced at the hearing and provides as pertinent:

"Rule No. 20

### VENDORS OF CURTAINS, SLIP COVERS, FLOOR COVERING AND OTHER SIMILAR ITEMS MADE TO ORDER

#### 1. WHEN LIABLE FOR TAX

Persons who engage in the business of selling portieres, drapes, curtains, marquee curtains, slip covers, floor covering, tents, tarpaulins and other similar items incur retailers' occupation tax liability when selling such items (with or without installation by the seller) to purchasers for use or consumption and not for resale whether such items are sold as stock or standard items or whether the seller produces such items on special order for the purchaser.

The same is true when custom-made Venetian blinds, window shades, awnings, screen doors, window screens, storm doors and storm windows are sold at retail 'over-the-counter' without installation by the seller as a construction contractor under paragraph 3 of Rule No. 6 of the retailers' occupation tax Rules and Regulations. This is true because such items, when produced on special order, serve substantially the same function as stock or standard items of tangible personal property which is sold at retail.

#### 2. LABOR CHARGES

In computing retailers' occupation tax liability on the retail sale of custom-made items, no deduction may be taken for the cost of labor involved in producing the finished item for sale. This is true whether such production labor is included in a lump sum price with the tangible personal property or whether such production labor is priced separately from the tangible personal property. The thing that is being sold is the finished item (drapes, carpeting, etc.), and the cost of labor involved in making such item is no more

deductible than is the cost of labor that is involved in producing a stock or standard item for sale.

However, receipts from installation charges are deductible from total receipts in computing retailers' occupation tax liability if such charges are contracted for by the seller and the purchaser separately from the selling price of the finished tangible personal property, but even receipts from installation charges are taxable if the installation charge is included in a lump sum price with the tangible personal property (see paragraph 4, g, of Article 3 of the retailers' occupation tax Rules and Regulations)."

Paragraph 4g of Article 3 of the Rules and Regulations referred to in Rule 20 provides as pertinent:

"g. INSTALLATION, ALTERATION AND SPECIAL SERVICE CHARGES

### WHEN TAXABLE

Where the seller engages in the business of selling tangible personal property at retail, and such tangible personal property is installed or altered for the purchaser by the seller (or some other special service is performed for the purchaser by the seller with respect to such property), the gross receipts of the seller on account of his charges for such installation, alteration or other special service must be included in the receipts by which his retailers' occupation tax liability is measured, if such installation, alteration or other special service charges are included in the selling price of the tangible personal property which is sold. This is true whether the charge for the property which is sold and the charge for installation, alteration or other special services are billed by the seller to his customers as separate items (except when the purchaser signs an itemized invoice so as to make it a contract reflecting the intention of both the seller and the purchaser), or whether both items are included in a single billed price.

### WHEN NOT TAXABLE

On the other hand, where the seller and the buyer agree upon the installation, alteration or other special service charges separately from the selling price of the tangible personal property which is sold, then the receipts from the installation, alteration or other special service charge are not a part of the 'selling price' of the tangible personal property which is sold, but instead such charge is a service charge, separately contracted for, and need not be

included in the figure upon which the seller computes his retailers' occupation tax liability."

The Department contends that the Rules and Regulations are in accordance with the statute and clearly forbid the taxpayer from deducting installation costs if he does not enter into a separate contract with the customer for installation. Plaintiff contends, however, that the Retailers' Occupation Tax Act does not impose a tax on the installation of carpeting since that cost is a service which is completely unrelated to and separable from the production cost of the property sold; that the Department cannot extend or modify the Act by its own rules and regulations; and that taxability may not be made to depend on the method of billing employed by the taxpayer.

In *Spagat v. Mahin*, 50 Ill. 2d 183 (1971), *cert. denied*, 407 U.S. 921, cited by the Department, wall to wall carpeting although custom produced was held to serve substantially the same function, that is, floor covering, as carpeting purchased over the counter and therefore subject to the retailers' occupation tax even though some service was involved in the installation of the carpeting. (See Ill. Rev. Stat. 1973, ch. 120, par. 440.) The installation services performed were held to be incidental to and an inseparable part of the sale for the purpose of bringing *Spagat* under the Act. The installation charges were not taxed, however. The court stated at page 189:

"We have frequently stated the applicable standard as follows: 'If the article sold has no value to the purchaser except as a result of services rendered by the vendor and the transfer of the article to the purchaser is an actual and necessary part of the service rendered, then the vendor is engaged in the business of rendering service and not in the business of selling at retail. If the article sold is the substance of the transaction and the service rendered is merely incidental to and an inseparable part of the transfer to the purchaser of the article sold, then the vendor is engaged in the business of selling at retail.' *Velten & Pulver, Inc. v. Department of Revenue*, 29 Ill. 2d 524, 529; *Dow Chemical Co. v. Department of Revenue*, 26 Ill. 2d 283, 285; *Kellogg Switchboard & Supply Corp. v. Department of Revenue*, 14 Ill. 2d 434, 437.

Applying this standard to the sale of wall-to-wall carpeting, it seems clear that it is the carpeting which is the substance of the transaction, and the services involved in laying the carpeting wall-to-wall, no matter how skillfully performed, are 'merely incidental to and an inseparable part of the transfer.' "

It is true as plaintiff argues that the *Spagat v. Mahin* case decided that the sale of wall to wall carpeting was subject to the Retailers' Occupation Tax Act but that no issue was raised as to any deduction for installation.

The plaintiff does not dispute the fact that the sale of its carpeting, notwithstanding the fact that it is custom made or special order, is subject to the tax and that it cannot deduct any cost of producing, purchasing or marketing the carpet. It argues that the tax, however, does not apply to services performed in the sale of personal property which are not production costs.

The authorities recognize that inseparable services may be included in gross receipts upon which the tax is measured. For example, in *Rodman v. Department of Revenue*, 51 Ill. 2d 314, 316-18 (1972), the court addressed a claim of a seller of custom made clothes, who made no apportionment of the charges for labor and materials, that he was selling services and therefore was not subject to the retailers' occupation tax. The entire sale was held subject to the tax.

In *Gapers, Inc. v. Department of Revenue*, 13 Ill. App. 3d 199, 203 (1973), the court concluded that a food caterer could not deduct his delivery service costs from gross receipts in determining the tax since the services and the food formed an inseparable link in the business of catering private parties in customers' homes.

In other instances it has been held that not all of the sellers' gross receipts are taxable where for example, the sale of the goods is clearly separable from the sale of services. Thus, a funeral director's sales of caskets, flowers and graveclothing were held subject to the retailers' occupation tax, but his services in preparing the body and making the funeral arrangements were not subject to the tax. *Ahern v. Nudelman*, 374 Ill. 237, 240-42 (1940).

In cases in which the service could arguably be separate from the sale of goods although involved in the same transaction, the seller's method of doing business, including his own billing method, has appeared determinative. See *Massell v. Daley*, 404 Ill. 479 (1949); *Miller v. Department of Revenue*, 15 Ill. 2d 323 (1958); *Cohen v. Playboy Clubs International, Inc.*, 19 Ill. App. 3d 215 (1974); see also *Warshawsky & Co. v. Department of Finance*, 377 Ill. 165, 166 (1941).

The inclusion of a service in the selling price of "the product" has been held indicative of whether the service is a part of the taxpayer's cost of doing business or a separate sale of service. In *Miller v. Department of Revenue*, the court held that where a night club operator sells food and drinks and makes no separate charge for entertainment services, the tax must be computed on the entire gross receipts. (15 Ill. 2d 323, 324-26.) Compare *Cohen v. Playboy Clubs International, Inc.*, 19 Ill. App. 3d 215, 219-220.

■■ Section 1 of the Retailers' Occupation Tax Act specifically provides that the selling price is to be determined without any deduction for, among other things, "service cost or any other expense whatsoever."

This, of course, requires a determination as to exactly what product is sold. If plaintiff is selling installed carpeting at a single price, the full price of the sale is taxable under the statute. If, however, the sale is of carpeting plus a separate charge for installation, the installation charges may be deductible from the total receipts.

■■ ■ The rules and regulations promulgated by the Department address themselves to the issue as an administrative interpretation. The rules and regulations while not binding on the courts may appropriately be considered as an administrative judgment entitled to some respect. (See *Oscar L. Paris Co. v. Lyons*, 8 Ill. 2d 590, 597-8 (1956); *Pierce v. Pacini*, 127 Ill. App. 2d 1, 6 (1970).) They can neither limit nor extend the scope of the Act, however, and the power to make the assessment must essentially be found in the Act. (*Standard Oil Co. v. Department of Finance*, 383 Ill. 136, 140 (1943); *Gapers, Inc. v. Department of Revenue*, 13 Ill. App. 3d 199, 202 (1973).) Rule 20 essentially states that installation charges are taxable if included in a lump sum price and not taxable if the charges are contracted for by the seller and purchaser separately from the selling price of the finished tangible product. We conclude that this is a reasonable interpretation of the statute.

Paragraph 4g of Article 3, which states that if the installation is included in the selling price of the tangible personal property which is sold the entire amount is taxable except where the seller and buyer agree upon the installation charges separately from the selling price of the tangible personal property, also appears to us to be consistent with the statute. That portion of 4g which states that the tax is not affected by the fact that the charge for the installation is billed as a separate item "(except when the purchaser signs an itemized invoice so as to make it a contract reflecting the intention of both the seller and the purchaser)" we view as merely an illustration of how the separate agreement may be evidenced. We do not conclude that the method stated in the Rules and Regulations comprises the only way of proving an agreement between the taxpayer and his customers as plaintiff suggests. Compliance with the regulations, however, could obviaté further proof that the seller and the purchaser were contracting separately for the carpeting and the installation.

On the record before us we hold that the Department's assessment of the tax was correct and that the trial court erred in its judgment on administrative review that the statute did not permit taxation of the charges for installing the wall to wall carpeting. We further conclude that as a factual matter the evidence before the administrative agency supports its finding that the plaintiff had agreed not merely to sell custom cut carpeting but to sell carpeting installed in the customers' homes.

The burden of proving that a transaction which involves the sale of

tangible personal property under the Retailers' Occupation Tax Act is nontaxable is on the taxpayer. Ill. Rev. Stat. 1975, ch. 120, par. 446.

■■ There is nothing in this record to indicate that the installation charges were separately contracted for, and they appear on the record to be an inseparable link in the completion of the transaction with the customer. Plaintiff, of course, was not prevented from offering evidence that each sale was in effect two transactions, one for the sale of the carpeting and the other to furnish the separate service of installation. The evidence that the customers were billed at a total figure does not prevent a showing of separateness, but neither does it aid in proving it. Likewise the billing of separate prices for the carpeting and the installation on some statements neither proves nor disproves the real nature of the transactions. The evidence is sufficient to support the conclusion of the Department that the taxpayer had not shown that he was entitled to the deduction for installation.

■■ The fact that the taxpayer did not collect the tax from its customers on the installation charges does not require a different conclusion. A taxpayer may take into account the cost of the retailers' occupation tax when fixing his prices but he need not do so. See *Harrison Sheet Steel Co. v. Rosenquist*, 18 Ill. App. 2d 16, 20 (1958), *rev'd on other grounds*, 15 Ill. 2d 532 (1959).

For the reasons stated we reverse the judgment of the circuit court and affirm the decision of the Department of Revenue.

Reversed.

RECHENMACHER, P. J., and GUILD, J., concur.