MELFORD D. SPURGEON, d/b/a Sunnyland Cabinet Shop, Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

Third District   No. 76-371

Opinion filed May 11, 1977.

Carl F. Reardon, of Moehle, Reardon, Smith & Day, Ltd., of East Peoria, for appellant.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Melford Spurgeon appeals from an order of the Circuit Court of Tazewell County which affirmed a decision of the Department of Revenue holding plaintiff liable for $8,634 under the Retailer's Occupation Tax Act.

Plaintiff, the sole proprietor of the Sunnyland Cabinet Shop, was engaged in the business of designing and selling kitchens. In the normal course of business, the owner of a new home under construction brought the building plans to plaintiff who then planned a kitchen layout at an agreed price. Plaintiff ordered the cabinets from a supplier and prepared instructions and plans for the builder. Plaintiff assumed full responsibility for customer satisfaction, and inspected the work during construction to make certain that soffits, windows, and doors were being built according to the specifications. Frequently the building contractor's laborers installed the cabinets, but in some cases plaintiff's own employees performed the installation.

Plaintiff customarily billed the contractor at the completion of the work. For those jobs where plaintiff's employees installed the cabinets, the invoice showed a separate charge for installation. No such charge was shown where the general contractor provided the labor.

A Department of Revenue field audit, covering the period of October 1969 to December 1970, resulted in a deficiency assessment for retailers' occupation tax liability based on all sales where plaintiff did not install the

cabinets. The tax liability of $8,633.99 was affirmed by the Department following a hearing. Upon administrative review, the circuit court affirmed the Department's decision and entered judgment for the amount due. Plaintiff has appealed.

Plaintiff contends that his sales of kitchen cabinets qualify for the construction contractor exemption from retailers' occupation tax liability. Department of Revenue Rule No. 6 states, in part:

"2. *Construction Contractors—When Liable for Tax.*

Construction contractors incur retailers' occupation tax liability when they engage in selling any kind of tangible personal property without installation to purchasers for use or consumption.

\* \* \*

A construction contractor does not incur retailers' occupation tax liability as to receipts from labor furnished and tangible personal property (materials and fixtures) incorporated into a structure as an integral part thereof for an owner when furnished and installed as an incident of a construction contract. For example, a construction contractor does not incur retailers' occupation tax liability on receipts from selling and installing \* \* \* cabinets built into the structure \* \* \*."

■■ Rule No. 6 is consistent with the supreme court's decision in *G. S. Lyon & Sons Lumber & Manufacturing Co. v. Department of Revenue* (1961), 23 Ill. 2d 180, 177 N.E.2d 316, where the court ruled that building material incorporated into a structure loses its identity as personal property and is converted into real estate. Because the Retailers' Occupation Tax Act applies only to retail sales of tangible personal property and not to real estate, the sale of material to the builder was held to be the "final sale" subject to a tax and the builder was said to be the user or consumer of the materials.

Plaintiff insists that he was responsible for installation of the cabinets he sold and that the functions he performed were sufficient to bring his operations within the definition of a construction contractor. In support of this argument, plaintiff points to his testimony that he solicited business from building contractors by holding himself out as a subcontractor who would assume full responsibility for designing and installing a kitchen to the owner's satisfaction. Labor for installation amounted to no more than five or ten percent of the total cost of each job, and plaintiff utilized the builders' workmen to reduce installation costs. He stated that the cost doubled when his employees performed the work because he had to pay for their travel time and that the homeowners paid the bills in 85 percent of the jobs. Plaintiff paid the retailers' occupation tax on cabinets at the time he purchased them from his suppliers. On occasion a supplier would ask for a certificate of resale, but in every such case, plaintiff informed the

supplier that he was not engaged in retail sales and hence that the sale to him was not exempt from the tax.

The Department argues that, under the plain language of Rule 6, all sales of cabinets to contractors were retail sales where plaintiff did not perform the actual installation. The Department says that plaintiff's responsibilities amounted to no more than a warranty as to fitness, and that tax liability arises when cabinets are sold without installation.

■■ Upon administrative review, the issue is not whether we would find for plaintiff if we were the trier of fact, but rather whether the findings of the Department were contrary to the manifest weight of the evidence. Under section 4 of the Act (Ill. Rev. Stat. 1975, ch. 120, par. 443), the corrected returns prepared by the Department are *prima facie* evidence of the amount of tax due. Section 7 provides that all sales are presumed to be taxable unless shown by the taxpayer to be exempt, and that the taxpayer must produce documentary evidence to support the claim of exemption from tax. See *Stam Manufacturing Co. v. Department of Revenue* (3d Dist. 1976), 39 Ill. App. 3d 753, 350 N.E.2d 259.

■■ Obviously plaintiff's business operations were not typical of over-the-counter retailing. However, on the basis of the record before us, we cannot say that the Department erred in its finding that sales of cabinets without installation were retail sales. Plaintiff produced no documentary evidence to show that the sales billed to the general contractors were in fact paid by the homeowners. Also, there was no evidence showing the ratio of cost to sales price or showing the markup attributable to plaintiff's personal services. Although plaintiff argued that he "borrowed" employees of the contractor and then set-off installation costs in the price billed, we find no evidence to support that theory.

Plaintiff also contends that if he was not a construction contractor, then he was engaged in a service occupation where the transfer of tangible personal property was incidental to the highly specialized service he provided in designing and being responsible for installation of kitchens.

The Department denied that plaintiff's business was a service occupation and cites a 1961 amendment to section 1 of the Retailers' Occupation Tax Act which provides:

> "A person who holds himself out as being engaged (or who habitually engages) in selling tangible personal property at retail is a person engaged in the business of selling tangible personal property at retail hereunder with respect to such sales (and not primarily in a service occupation) notwithstanding the fact that such person designs and produces such tangible personal property on special order for the purchaser and in such a way as to render the property of value only to such purchaser, if such tangible personal property so produced on special order serves

substantially the same function as stock or standard items of tangible personal property that are sold at retail." Ill. Rev. Stat. 1975, ch. 120, par. 440.

■■ This statute was intended to eliminate discrimination against retail sellers of stock or standard items in favor of retailers of custom-made items where both kinds of tangible personal property service substantially the same function and thus involve an element of competition. Since the amendment, the retailers' occupation tax has been held to apply to sales of wall-to-wall carpeting (*Spagat v. Mahin* (1971), 50 Ill. 2d 183, 277 N.E.2d 834), and to sales of custom-made garments (*Rodman v. Department of Revenue* (1972), 51 Ill. 2d 314, 282 N.E.2d 706). In both cases, the court stated that the controlling question is whether the custom-made item serves substantially the same function as stock items of personal property. If so, the sale is taxable as a retail sale.

■■ Plaintiff relies upon *J. H. Walters & Co. v. Department of Revenue* (1969), 44 Ill. 2d 95, 254 N.E.2d 485, which held that sheet metal fabrication pursuant to special orders was a service occupation where the manufacturer made substantial contributions to the engineering designs of the property produced and sold on special order. In *Walters*, the exemption from retailer's occupation tax liability was predicated on Rule 3 of the Department's Rules and Regulations which specifically excludes the sellers of machinery, tools and the like where the purchaser employs the seller primarily for his engineering or scientific skill to design and produce property for a specific purpose. Rule 3 does not include plaintiff's occupation, and hence *Walters* does not apply here. We conclude that plaintiff failed to establish a service occupation exemption from the retailers' occupation tax.

Accordingly, we affirm the decision of the Department of Revenue and the judgment of the Circuit Court of Tazewell County.

Affirmed.

STOUDER and SCOTT, JJ., concur.