THE AURORA COUNTRY CLUB, INC., Plaintiff-Appellee, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellant.

Second District   No. 76-121

Opinion filed June 30, 1977.

William J. Scott, Attorney General, of Chicago (Bonny Sutker Barezky, Assistant Attorney General, of counsel), for appellant.

Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, a private club, sought administrative review of a final assessment of retailers' occupation tax deficiency in the amount of $1847.46 plus penalties and interest based upon the monthly minimum charges that the Club had billed its members for its restaurant facility. The circuit court reversed the determination of the defendant, the Department of Revenue. The defendant appeals, contending that the unused portion of the minimum charge was a sale at retail and therefore was taxable under sections 1 and 2 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, pars. 440, 441).

Section 2 of the Act states as pertinent:

"A tax is imposed upon persons engaged in the business of selling tangible personal property at retail at the rate of [a percentage] of the gross receipts from such sales of tangible personal property made in the course of such business * * *."

Section 1, as applicable, defines "Sale at retail":

" 'Sale at retail' means any transfer of the ownership of or title to tangible personal property to a purchaser, for the purpose of use or consumption, * * * for a valuable consideration.
* * *

'Selling price' or the 'amount of sale' means the consideration for a sale valued in money whether received in money or otherwise, * * *.
* * *

'Gross receipts' from the sales of tangible personal property at retail means the total selling price or the amount of such sales, * * *."

The Department based its assessment of additional tax liability on Rule 7 of the retailers' occupation tax rules and regulations, stating in part:

"3. COVER CHARGES AND MINIMUM CHARGES

Cover charges are not included in the taxable receipts of persons operating restaurants, hotels and other places of business which come within the Act, where such cover charges are made exclusively for the privilege of occupying space within such public eating place, and where the payment of a cover charge by a patron does not entitle such patron to use or consume any food or beverage or other tangible personal property.

In such an instance, the cover charge is a receipt on account of a service rendered, whether such service be entertainment or otherwise, and does not accrue on account of the sale of tangible personal property at retail.

The preceding statement does not apply to so-called 'minimum charges' made by night clubs or public eating places, the entire amount of which receipts is within the Act."

Both the Department and the Club agree that the rules and regulations promulgated by the Department, while instructive, are not binding upon this court in reviewing the meaning and intent of the statute. (See *Terrace Carpet Co. v. Department of Revenue,* 46 Ill. App. 3d 84, 90 (1977).) The Club argues that the rule is persuasive to the extent that it reflects the Department's interpretation of the statute, which does not enumerate all matters considered as a sale, and by indicating that only minimum charges made by nightclubs or public eating places are taxable under the Act. The Club suggests that under the rule the minimum charges are those related to a particular meal and collected contemporaneously with a purchase as in the case of nightclubs and public restaurants but that this is not the case with a private club's monthly charges.

At the time Rule 7 was promulgated there was some question whether private not-for-profit clubs were exempted from the provisions of the Retailers' Occupation Tax Act. However, by a 1961 amendment of the

statute (Ill. Rev. Stat. 1961, ch. 120, par. 440), persons who engage in selling tangible personal property at retail whether to the public or to members and their guests are deemed to be engaged in the business of selling tangible personal property at retail with respect to such transactions. (See *Woman's Athletic Club v. Isaacs*, 30 Ill. 2d 207, 208-09 (1964).) Thus, the Department argues that the illustration in Rule 7 cannot be construed to exclude taxation of minimum charges made by private clubs. We agree. It also follows, however, that the rule is of limited aid to the court as an administrative judgment interpreting the statute since the rule itself must be interpreted on the facts before us leaving the basic question of the meaning of the statute.

■■ The retailers' occupation tax is a tax upon the occupation of selling tangible personal property at retail, but it is measured by the gross receipts from such sales. (*Mahon v. Nudelman*, 377 Ill. 331, 334 (1941); Ill. Rev. Stat. 1975, ch. 120, pars. 440, 441.) The Club properly concedes that it is subject to the Retailers' Occupation Tax Act and must pay the tax measured by a percentage of the gross receipts from its retail sales. We therefore look to the provisions of the Act to determine whether there is authority for the Department to assess the tax based on the deficiency between the actual sales of food and beverages by the Club to its members and guests and the monthly minimum charge.

■■ There must be a transfer of ownership or title to personal property for a consideration in order to constitute a "sale" under the Act. (*Hornof v. Kroger Co.*, 35 Ill. 2d 125, 132 (1966); *Hagerty v. General Motors Corp.*, 14 Ill. App. 3d 33, 37 (1973); *Bradley Supply Co. v. Ames*, 359 Ill. 162, 170 (1934).) The Department cites *Hornof* in support of an argument that "gross receipts" and "retail value" represent the same thing as far as the tax base is concerned and that "gross receipts" does not necessarily reflect a sale for cash but is in effect the value placed upon the property by the seller and accepted by the buyer. (35 Ill. 2d 125, 130) However, we cannot see the application of the argument under the particular facts of this case.

■■ In this case the member is charged a specific sales price for items of food and beverage at the time of purchase and the transfer is evidenced by the member signing a bill which lists the exact amount of the items purchased. The Department concedes that it may not charge the tax as to any member who does not use the Club's restaurant facility at all during any month. Presumably the rationale for this is that there must be at least some retail sale involving a transfer of food and beverage for the Act to be operative. It is therefore inconsistent, in our view, to maintain as the Department does that once a member makes any purchase during the month the excess to the agreed extent of $25 is also a retail sale. We conclude that the excess over the actual purchase is not a retail sale

since no transfer of ownership to personal property occurs as to the excess upon which the tax may be measured. The monthly minimum charge is not a payment for food or beverage since it is charged whether those items are purchased or not and whether or not the member uses the facility.

*Cohen v. Playboy Clubs International, Inc.*, 19 Ill. App. 3d 215 (1974), cited by the Department, is distinguishable. In *Cohen*, a club furnished entertainment for which a mandatory service charge was added to each bill over the price of the food and beverage, presumably to pay for entertainment which was not separately charged. The club could not deduct the cost of the entertainment since the total charge was inseparably connected with the transfer of the personal property. Here, while the $25 monthly minimum charge is mandatory, it is not required to be paid in performance of a member's contractual obligation to pay for the food and beverage which is served to him. The minimum monthly charge must be met whether the member uses the facility or not and whether he purchases any food or beverages or not.

The Department also cites *Miller v. Department of Revenue*, 15 Ill. 2d 323 (1958), as illustrative of a charge which is not related to the sale of food and beverages. *Miller* establishes the rationale of the cover charge exception in the Department's Rule 7 but does not appear to be helpful here even as a comparable illustration. The charge in *Miller* was made for the privilege of occupying space presumably to enjoy entertainment and did not entitle the customers to any tangible personal property. The Aurora Country Club does not claim under the cover charge exemption. It agrees that it is taxable on the actual transfers of tangible personal property.

The Department has also argued that when it introduced the corrected returns of the Club into evidence they were presumed to be prima facie correct and the statute then placed the burden on the Club to prove by competent evidence that the corrected returns were in error. This is, of course, true as a general proposition. (See Ill. Rev. Stat. 1975, ch. 120, par. 443; *Copilevitz v. Department of Revenue*, 41 Ill. 2d 154 (1968); *Belleville Shoe Manufacturing Co. v. Department of Revenue*, 7 Ill. 2d 574 (1956)). However, it is not applicable under the circumstances.

■■ In this case the Department has conceded that it charges the tax on the unused portion of a member's monthly bill. The records of the taxpayer are sufficient to establish the sales which we have held properly subject to the tax. The correctness of the audit therefore raised a question of law, not the factual claim involved in the cited cases that the taxpayer is entitled to an exemption which his records do not support. The trial court correctly held that the tax was due only on the actual transfers of food and beverages which the record supported. Compare *Copilevitz v.*

*Department of Revenue,* 41 Ill. 2d 154, 158; *Belleville Shoe Co. v. Dept. of Rev.,* 7 Ill. 2d, 574, 583.

We therefore affirm the judgment of the trial court.

Affirmed.

GUILD and WOODWARD, JJ., concur.