MATERIAL SERVICE CORPORATION, Plaintiff-Appellee and Cross-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellant and Cross-Appellee.

First District (5th Division)    No. 80-2966

Opinion filed February 19, 1982.—Supplemental opinion filed on denial of rehearing April 23, 1982.

Tyrone Fahner, Attorney General, of Chicago (Russell C. Grimes, Jr., Assistant Attorney General, of counsel), for appellant.

Richard R. Elledge, of Gould & Ratner, of Chicago, for appellee.

JUSTICE MEJDA delivered the opinion of the court:

An assessment of $25,301.58, including penalties and interest, covering the period from July 1973 through December 1976, was made by the Department of Revenue of the State of Illinois (Department) against plaintiff, Material Service Corporation, under the Retailers' Occupation Tax Act. (Ill. Rev. Stat. 1979, ch. 120, par. 440 *et seq.*) On administrative review the circuit court of Cook County (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) held that the "minimum load charges" collected by plaintiff

from its customers were not lawfully excludable from gross receipts under the Act, but that the court's decision would not be applied to plaintiff retroactively. Accordingly, the court set aside the final assessment against plaintiff and enjoined the collection thereof. The Department appealed from the latter portion of the order and plaintiff cross-appealed, challenging the portion of the order which held that the charges at issue are not excludable from gross receipts.

The essential question raised by the Department's appeal is whether under the circumstances presented here, the State is estopped from collecting a tax, held to be lawfully owing under the Retailers' Occupation Tax Act, because of plaintiff's reliance upon a prior erroneous letter ruling issued by the Department to the plaintiff.

Plaintiff is engaged in the business of manufacturing and selling concrete. It supplies ready-mix concrete to its customers utilizing ready-mix trucks fitted with rotating drums to insure the concrete is properly mixed when poured at the job site. Plaintiff's selling price for a cubic yard of concrete is the same whether the sale is for one yard or many yards. In any sale of less than five yards of concrete, however, plaintiff charges its customer a flat "minimum load" fee of $27. Plaintiff also charges its customers a waiting time charge in the event that delivery trucks are delayed at the job site prior to pouring the concrete.[1]

In 1966, plaintiff addressed an inquiry to the Department regarding the includability of the minimum load and waiting time charges under the Retailers' Occupation Tax Act. (Ill. Rev. Stat. 1979, ch. 120, par. 440 *et seq.*) The Department responded in April 1966 in the form of a letter ruling addressed to plaintiff stating in part:

> "In reply to your request for a ruling concerning minimum load charges and waiting time which are separately contracted for and separately charged, please be advised that they are excludable in the computation of retailers' occupation tax."

To the present date, this letter ruling remains unrescinded by the Department by means of written notice to plaintiff, by bulletin or any form of public notice.

On December 8, 1977, the Department issued a notice of tax liability against plaintiff for Retailers' Occupation Taxes in the amount of $22,947.95, including penalties and interest, computed for the period of July 1973 through December 1976. The deficiency assessment covered minimum load charges collected by plaintiff from its customers during this period.

Pursuant to plaintiff's request, a hearing was held on November 1, 1978. The Department's hearing referee concluded that the Department

---

[1] Since the instant deficiency assessment did not cover "waiting time" charges, these charges are not at issue in this case.

was not bound by the letter ruling. A final assessment was issued in the amount of $25,301.58, including interest through February 28, 1979.

On May 9, 1979, plaintiff filed a complaint for administrative review in the circuit court.

On January 11, 1980, a final order was entered sustaining the tax assessment and entering judgment in favor of the Department in the amount of the assessment plus accrued interest. In the memorandum of judgment incorporated therein, the court deduced that the minimum load charge was functionally part of the selling price of the quantities of less than five cubic yards of concrete, and therefore part of the gross receipts of the sale.

On February 7, 1980, plaintiff filed its motion to vacate the final order on the grounds that the Department was bound by its prior letter ruling, and was therefore estopped from collecting the instant assessment. This motion was denied, and the judgment confirmed, on September 17, 1980. In denying the motion the court ruled that plaintiff could not invoke the protective mantle of the instant letter ruling where it had failed to comply with the conditions of said letter ruling. The court noted that plaintiff had not shown that the minimum load charge was for a service "separate and apart from the transfer" of concrete as required by the letter ruling.

Then, on October 17, 1980, upon plaintiff's motion to reconsider the September 17 ruling, the court entered an amended final order holding the minimum load charges includable in gross receipts for determining tax liability under the Act, but also reversing and vacating the final assessment due to plaintiff's reliance upon the prior letter ruling.

The court found that the Department was bound by the letter ruling until the interpretation expressed therein was changed by the final order dated January 11, 1981. Accordingly, the court ruled that the tax could be imposed only prospectively from that date.

Opinion

I

The Department has appealed the October 17, 1980, order to the extent that it set aside the final assessment against plaintiff. Plaintiff cross-appealed from the portion of the October 17, 1980, order holding that the minimum load charges were not excludable in computing gross receipts for purposes of the Retailers' Occupation Tax. In its appellee's brief, however, plaintiff has withdrawn its cross-appeal based upon its conclusion that a cross-appeal is not necessary to preserve its contentions challenging that portion of the amended final order. Plaintiff has not moved for withdrawal of its cross-appeal, nor has this court entered an order dismissing the cross-appeal. It is settled, however, that where one

party to a decree appeals from a portion of the decree, absent a cross-appeal, other matters contained in the decree are not properly before the reviewing court. (*People ex rel. Southfield Apartment Co. v. Jarecki* (1951), 408 Ill. 266, 96 N.E.2d 569; *City of Wilmington v. Industrial Com.* (1972), 52 Ill. 2d 587, 289 N.E.2d 418.) In such a situation where appellee has failed to prosecute a cross-appeal, the reviewing court will be confined to issues raised by appellant and will not consider those urged by appellee except where they are related to appellant's issues. (*Cleys v. Village of Palatine* (1980), 89 Ill. App. 3d 630, 411 N.E.2d 1161; *National Football League Properties, Inc. v. Dallas Cap & Emblem Manufacturing, Inc.* (1975), 26 Ill. App. 3d 820, 327 N.E.2d 247.) With these principles in mind we examine plaintiff's contention.

■■ Plaintiff contends that the minimum load charge is not part of the selling price of quantities of less than five cubic yards of concrete, and therefore not includable in gross receipts for purposes of computing the Retailers' Occupation Tax. In the amended final judgment order the court specifically found that such minimum load charges were added to regular prices upon sales of ready-mixed concrete and that the charges were "not lawfully excludable from gross receipts of Plaintiff in the computation of said Retailers' Occupation Taxes." Plaintiff does not seek to sustain the trial court's ruling but attempts to reverse an adverse ruling of the trial court without a proper cross-appeal. Based upon the foregoing authorities, it is clear that the finding is not properly before us and we cannot consider this issue.

## II

Turning to the merits of the appeal, the Department contends that it may not be estopped from collecting the assessment for the period in question because of its previous erroneous written letter ruling addressed to plaintiff. The plaintiff cites article 9 of the Department's Rules and Regulations, which provides:

> "Art. 9. *When Opinions From the Department are Binding.* Taxpayers must not rely on verbal opinions from Department employees, but *will be protected only if the opinion from the Department is in writing.* Even then, the opinion ceases to have any effect if the law is changed in any pertinent respect by the General Assembly, or if a pertinent change in the interpretation of the law is made by a Court of decision or by some change in the Department's rules, whether such change is accomplished by means of a new rule or by means of a revision of an existing rule." (Emphasis added.) [1981] 2 ALL STATE SALES TAX REP. (CCH) par. 34—509.

Plaintiff contends that under this provision it had a right to rely upon the letter ruling until such a time as the ruling was rescinded in some

manner which would give notice of pertinent changes. We point out initially that the authority to collect the tax derives from the tax statute and not the regulations. (*Terrace Carpet Co. v. Department of Revenue* (1977), 46 Ill. App. 3d 84, 360 N.E.2d 153.) The Department has no legal authority to limit or extend the statutory definition by these rules and regulations. (*Gapers, Inc. v. Department of Revenue* (1973), 13 Ill. App. 3d 199, 300 N.E.2d 779.) It is the plaintiff's position that having issued the 1966 letter ruling excluding the minimum load charges in computing the instant tax, under the protection of article 9, the State should be estopped from collecting the assessment in question.

Generally, public policy opposes the application of an estoppel against the State where public revenues are involved. (See *Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 280 N.E.2d 437; *Peoria Hotel Co. v. Department of Revenue* (1980), 87 Ill. App. 3d 176, 408 N.E.2d 1182; *Mr. Car Wash, Inc. v. Department of Revenue* (1975), 27 Ill. App. 3d 931, 327 N.E.2d 88.) This is true even where detrimental reliance is present. (*Clare v. Bell* (1941), 378 Ill. 128, 37 N.E.2d 812; *Mr. Car Wash, Inc. v. Department of Revenue*.) Thus, it has been held that the government is not estopped by previous acts or conduct of its agents with reference to the determination of tax liabilities or by failure to collect the tax, nor will the mistake or misinformation of its offices stop it from collecting the tax. (*Austin Liquor Mart, Inc.*; *Mr. Car Wash, Inc.*) We find these authorities to be persuasive in the instant case. However, we need not decide whether the protection of the Department's letter ruling might, under these circumstances, create an equitable estoppel against the State because the facts here would not warrant such a result.

We have reviewed the record and have found no basis for concluding that plaintiff complied with the instant letter ruling. In our opinion plaintiff has not clearly shown at any stage during these proceedings that the minimum load charge was separately contracted for by its customers as required by the letter ruling.

At the administrative hearing, the plaintiff relied upon the *prima facie* correctness of the statement of facts contained in its motion to quash and dismiss the notice of tax liability, and upon the affidavits of its general sales manager, and offered no evidence to rebut the testimony of the Department's sole witness. This witness, a supervising tax auditor, testified that the statement of facts was consistent with his observations *except* that he could not determine if the minimum load charges were actually separately contracted for from the invoices or from the statement of facts. Nonetheless, the hearing officer found the facts to be undisputed and that the minimum load charges were separately contracted for. Generally the findings and conclusions of an administrative agency on questions of fact are *prima facie* true and conclusive on reviewing courts. (*Illinois Liquor*

*Control Com. v. Illinois Civil Service Com.* (1980), 80 Ill. App. 3d 647, 400 N.E.2d 518.) On review, the court's function is to ascertain whether the agency's findings were contrary to the manifest weight of the evidence. *Cox v. Daley* (1981), 93 Ill. App. 3d 593, 417 N.E.2d 745.

■■ ■ There is nothing in this record to indicate that the minimum load charges were separately contracted for, and they appear on the record to be a mandatory charge invariably charged to purchasers of less than five cubic yards of concrete. The fact that the charge is separately stated on the invoices is not necessarily indicative of the true nature of the transaction. (See generally *Terrace Carpet Co. v. Department of Revenue* (1977), 46 Ill. App. 3d 84, 360 N.E.2d 153.) The burden of proving that a transaction involving the sale of tangible personal property under the Retailers' Occupation Tax Act is nontaxable is on the taxpayer. (*Terrace Carpet Co.*; Ill. Rev. Stat. 1979, ch. 120, par. 446.) Plaintiff was not prevented from showing evidence, if possible, that each transaction was in effect two transactions. From the record it is evident that plaintiff has not shown that the minimum load charges were separately contracted for by its customers. We find the opposite conclusion to be clearly required under the facts presented here. Such being the case, plaintiff cannot be heard to set up an estoppel argument grounded upon detrimental reliance upon the instant letter ruling.

For the reasons stated we reverse the judgment of the circuit court and affirm the decision of the Department of Revenue.

Reversed.

SULLIVAN, P. J., and LORENZ, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE MEJDA delivered the opinion of the court:

Plaintiff has filed a petition for rehearing challenging this court's conclusion that the hearing officer's finding that the minimum load charges were separately contracted for was against the manifest weight of the evidence, and also challenging this court's determination with respect to plaintiff's cross-appeal. We find it necessary to address only the contention that the hearing officer's finding that the transaction at issue had been separately contracted for was supported by a "*de facto* stipulation" of the parties, and therefore binding upon this court.

A stipulation is an agreement between the parties or their attorneys with respect to business before the court. (*Kazubowski v. Kazubowski* (1968), 93 Ill. App. 2d 126, 235 N.E.2d 664, *cert. denied* (1969), 393 U.S. 1117, 22 L. Ed. 2d 122, 89 S. Ct. 993.) Contrary to plaintiff's contention,

we do not find any such agreement between the parties arising from the testimony adduced from the Department's tax auditor. Moreover, this testimony expressly excepted the conclusion that the minimum load charges were actually separately contracted for. After a further careful review of the record, we are convinced that plaintiff has not met its burden in showing that the transactions here were nontaxable.

Accordingly, we adhere to our original opinion, and the plaintiff's petition for rehearing is denied.

SULLIVAN, P. J., and LORENZ, J., concur.