THE PEOPLE *ex rel.* ROBERT PYRZYNSKI, Petitioner-Appellee, *v.* RICHARD J. DALEY, as License Commissioner and Liquor Control Commissioner of the City of Chicago, Respondent-Appellant.

(No. 59227; )

First District (4th Division)—December 10, 1975.

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellant.

Agnes C. Ryan, of Legal Aid Bureau, of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Robert Pyrzynski operated a grocery store in the city of Chicago and a liquor store across the street. On December 13, 1971, police officers observed that a number of articles of new, unused clothing and other miscellaneous and unused merchandise were being displayed for sale in the grocery store. These items bore price tags of four well-known Chicago stores and allegedly were being sold by Pyrzynski at prices drastically below the prices on the tags.

Pyrzynski was arrested and charged with possession of stolen property. The property in question was returned to the merchants who put it back in stock. Pyrzynski did not complain that the goods were taken from him and returned to the merchants.

The criminal charges against Pyrzynski were dismissed on January 11, 1972. On March 16, 1972, administrative proceedings were instituted to revoke his food purveyor's license. After a hearing in which Pyrzynski was represented by counsel, an order was entered revoking his food purveyor's license on the ground that he was in possession of stolen property on the licensed premises. Later, his retail liquor license was revoked on the ground he was not a fit and proper person to hold it because of the revocation of his food purveyor's license.

On August 18, 1972, Pyrzynski filed the instant mandamus proceeding to compel reinstatement of his food purveyor's and retail liquor licenses and for damages for a claimed business loss and for punitive damages. On September 11, 1972, Pyrzynski's claim for reissuance of his retail liquor license was dismissed on motion of the City on the ground that he had failed to exhaust his administrative remedies by omitting an appeal to the Liquor Appeal Commission. On March 13, 1973, his claim

for damages was dismissed. On April 12, 1973, the trial court, while reaffirming the dismissal of the claim for damages, vacated the dismissal of Pyrzynski's mandamus action to compel reissuance of his food purveyor's license.

The City of Chicago appeals, claiming that the trial court erred in issuing a writ of mandamus thus restoring Pyrzynski's food purveyor's license. Pyrzynski maintains that the trial court properly restored his license which was within the court's discretion.

■■ We agree with the contention of the City of Chicago that regulation of the sale of food is within the general scope of the police power inherent in the State. The power to license and regulate the sale of food for human consumption is expressly conferred upon each municipality by the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, § 11—20—2), which provides: "The corporate authorities of each municipality may regulate the sale of all beverages and food for human consumption * * *."

These licensing powers of the City of Chicago have been ratified and broadened by the home rule article of the Illinois Constitution of 1970, article VII, section 6(a), which provides:

"* * * and any municipality which has a population of more than 25,000 [is a] home rule [unit]. * * * a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, * * * the power to regulate for protection of the public health, safety, morals and welfare; [and] to license * * *."

Sections 101—1 through 101—8 of the Municipal Code of Chicago authorize the Mayor of Chicago to issue licenses; and sections 130—10 through 130—12 make it unlawful for any person to engage in the business of a food purveyor without a license to do so.

Pyrzynski claimed that his wife purchased the articles from a person unknown to him at a flea market for $200 cash. These articles were all unused and not second-hand, and included not only clothing but tools, toys, radios, telescopes, microscopes, appliances, hockey sets and portable bar sets. They were identified as the property of the four stores having labels of said stores and had I.B.M. price tags that normally are removed after a sale for the purpose of inventory control, thus indicating that the goods had not been sold by the owners. Pyrzynski did not complaint that said articles were taken from him and returned to the stores.

Pyrzynski argues that since the criminal proceedings against him were dismissed, he was entitled to have his food purveyor's license restored

to him. The acquittal of an accused, when tried for a criminal offense, is no bar to the prosecution of a civil action against him arising from the same acts or transaction.

■■ In a recent decision in *Ciampa v. City of Chicago* (1973), 12 Ill. App.3d 368, 299 N.E.2d 53, which was also a mandamus proceeding, the relator was tried on a criminal charge of selling obscene magazines in her grocery store. The trial judge, without making any determination that any of the magazines were obscene, sentenced her to a six-month supervision. Subsequently, her food purveyor's license was revoked. In her mandamus suit to set aside the revocation, she maintained that the revocation was improper because there had not been a finding by the trial court that any of the magazines were obscene. The trial judge dismissed her mandamus petition. This ruling was affirmed by the appellate court. In his opinion, Justice Burke stated:

> "The outcome of the prior criminal proceedings would in any event be immaterial in the subsequent proceedings instituted by the Mayor to revoke plaintiff's food purveyor license. [Citations.] The doctrine of *res judicata* is inapplicable in this case for the principal reason that the burden of proof in the criminal proceeding is different from the burden of proof in the license revocation proceeding." 12 Ill.App.3d 368, 371.

■■ The hearing before Deputy Commissioner Peter Fitzpatrick was conducted fairly and competently. As a storekeeper, Pyrzynski must have known of the price tags of the articles in question. The charges against relator were serious and well founded in law and public policy. The revocation of the food purveyor's license was in accord with the manifest weight of the evidence.

■■■ Finally, we conclude that the relator did not make out a case in mandamus. Mandamus lies to compel the performance of duties purely ministerial in character and so clear and specific that no element of discretion is left in their performance. As to acts and duties necessarily calling for the exercise of judgment and discretion on the part of a public officer, mandamus does not lie. We find no abuse of discretion on the part of the Deputy Commissioner. The award of the writ of mandamus was error.

The judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

DIERINGER, P. J., and JOHNSON, J., concur.