NORMAN HOLLAND *et al.*, Plaintiffs-Appellants, *v.* ROBERT J. QUINN, Commissioner of the Chicago Fire Department, Defendant-Appellee.

First District (3rd Division)   No. 78-472

Opinion filed December 27, 1978.

---

[1] Justice Brown participated in this decision while assigned to the Illinois Appellate Court, First District.

Robert S. Sugarman and Stephen B. Horwitz, both of Jacobs, Burns, Sugarman & Orlove, of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Robert L. Thompson, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

In August of 1977 Norman Holland filed a complaint in the circuit court of Cook County, on behalf of himself and all others similarly situated, seeking a writ of mandamus against Robert J. Quinn, Commissioner of the Chicago Fire Department (the Commissioner), to compel the Commissioner to transfer the plaintiff Holland and to follow departmental policy on transfers.

The complaint alleged that Holland is an applicant seeking transfer to Flying Manpower Squad No. 2 and that he was illegally passed over when vacancies arose in that unit. The circuit court granted the defendant's motion to dismiss, finding that mandamus would not lie because the requested act was a discretionary one on the part of the Commissioner, and because the "transfer policy," as summarized in the

plaintiffs' complaint, was not "binding" and did not establish a clear legal right to the requested action. Holland appeals from that ruling.

According to the complaint, Holland has been employed as a fireman by the Chicago Fire Department (the Department) since 1970. In October of 1974 Holland submitted an application for transfer from his assigned Flying Manpower Squad to another Flying Manpower Squad. The application was renewed annually on the appropriate department form. In May and June of 1977, vacancies arose in the squad to which Holland had requested transfer. The vacancies were filled by recent graduates of the fire academy.

The plaintiffs' complaint also alleged that Department policy provides an opening will be filled from transfer request forms on the basis of seniority, or on the basis of departmental needs, rotation of personnel or at a supervisor's request; that neither departmental needs, rotation of personnel nor supervisory request justified the Department's passing over of Holland in filling the 1977 vacancies; and that the Department thereby violated its own policies.

The parties agree that this "transfer policy" is not a formal rule or regulation of the Chicago Fire Department. The source of the policy, which is fairly summarized in the complaint by the plaintiffs, is the brief of the City of Chicago to the Seventh Circuit in *United States v. City of Chicago* (7th Cir. 1978), 573 F.2d 416.

The defendant's argument on appeal is threefold: first, that there is no transfer policy nor can there be a transfer policy, as alleged by the plaintiffs; next, that even if there is such a policy it is not binding because it is merely a policy and not a rule; and, finally, that even if it is a policy, a mandamus action will not lie because that policy allows for the exercise of discretion.

■■■ A writ of mandamus commands the officer or body to whom it is directed to perform some specific duty to which the petitioner is entitled by right. (*People ex rel. Rappaport v. Drazek* (1975), 30 Ill. App. 3d 310, 332 N.E.2d 532.) Where performance of an official act involves the exercise of judgment or discretion, the act is not subject to review or control by mandamus. (*Rappaport.*) Mandamus will lie to compel the performance of a duty purely ministerial in character. (*People ex rel. Pyrzynski v. Daley* (1975), 34 Ill. App. 3d 1077, 341 N.E.2d 24.) Furthermore, mandamus should not be used in doubtful cases; if there is evidence to support the official action, the writ must be refused. (*Solomon v. City of Evanston* (1975), 29 Ill. App. 3d 782, 331 N.E.2d 380.) The pleadings in a mandamus action are governed by the same rules applying to other civil actions and the complaint must allege a *prima facie* case. *People ex rel. Pignatelli v. Ward* (1949), 404 Ill. 240, 88 N.E.2d 461.

■■■ The first part of the defendant's argument is that there is no transfer

policy such as is alleged in the plaintiffs' complaint. Because a motion to dismiss admits all well-pleaded facts (*New-Mark Builders, Inc. v. City of Aurora* (1967), 90 Ill. App. 2d 98, 233 N.E.2d 44), we must accept as true the plaintiffs' allegation that there is such a policy. Whether such a policy actually exists is a question of fact which cannot be disposed of on a motion to dismiss.

The defendant also argues there can be no policy because the Department is given absolute discretion in personnel matters by the Chicago Municipal Code and Fire Department regulations. The Code provides, in part, that the Commissioner shall have "the management and control of all matters and things pertaining to the fire department and of all of the persons employed therein." (Chicago Municipal Code/1974, ch. 12—4.) Section 20.001 of the Rules and Regulations, Practices and Procedures of the Chicago Fire Department, provides in part that the "fire commissioner shall exercise sole and exclusive control ' and management of the Fire Department and its personnel and perform the duties prescribed for him by law or ordinance."

■ These broad grants of discretion do not settle the issue before us. Even though a statute confers absolute discretion in a particular area, once an agency establishes rules or regulations implementing that statute it is bound to adhere to them. (*Margolin v. Public Mutual Fire Insurance Co.* (1972), 4 Ill. App. 3d 661, 281 N.E.2d 728; *Service v. Dulles* (1957), 354 U.S. 363, 1 L. Ed. 2d 1403, 77 S. Ct. 1152.) If the Department has implemented the Municipal Code and Rules' provisions quoted above by adopting the transfer policy as described in the complaint, it is bound to adhere to it.

The defendant's second argument is that even if there is a transfer policy, as summarized in the complaint, it is not binding because it is not a rule or regulation. The defendant argues that mere "policy" cannot be enforced in a mandamus proceeding.

An agency's custom and practice in interpreting its rules may bind the agency. *Briscoe v. Kusper* (7th Cir. 1970), 435 F.2d 1046; *Olin Corp. v. Pollution Control Board* (1977), 54 Ill. App. 3d 480, 370 N.E.2d 3.

In *Briscoe,* at issue was the constitutionality of practices of the Chicago Board of Election Commissioners in processing objections to aldermanic nominating petitions in the 1967 election. In 1967 the Board made the rules concerning objections to signatures more rigorous, without notifying the candidates. The Seventh Circuit found the Board's previous interpretation of the statute was a binding "custom and practice" and that the plaintiffs' due process rights were violated by this change in policy which was effected without notice.

■■ In *Olin Corp.* the court found the agency was acting inconsistently in its interpretations of a particular rule and noted:

"In determining the practical construction given by an administrative agency to a regulation or a statute, informal administrative practices as well as formal pronouncements are relevant. Actions, not words, establish an administrative construction. [Citation.] An agency may be bound by its own established custom and practice as well as by its official pronouncements and regulations." (54 Ill. App. 3d 480, 484-85.)

On the basis of these cases, we believe the plaintiffs have alleged a *prima facie* case for a writ of mandamus. Based on the allegations of the complaint, the plaintiffs may be able to show that the policy is such a custom and practice as to have achieved the force and effect of binding law.

The defendant's final argument is that even if this "policy" is found to exist, that a mandamus action will nevertheless not lie because that policy does not show a clear, undeniable and indisputable right to the action requested. The defendant argues that transfers can be made not only on the basis of seniority, but also on the basis of three other factors. Thus, the defendant argues, the policy alleged makes the filling of vacancies a discretionary matter.

The allegation, which we must take as true, that neither departmental need, rotation of personnel, nor supervisory request justified the filling of the vacancies with new graduates of the fire academy, left only the seniority list from which to fill vacancies. There was thus no room for an exercise of discretion by the Department and the petition cannot be disposed of on that basis.

We conclude that it was error for the trial court to grant the defendant's motion to dismiss. The plaintiffs should have the chance to prove that the "transfer policy" which they rely on is a "custom and practice" of the Department and therefore has the force and effect of law. The defendant, of course, could bring an end to this suit by showing that the vacancies were filled on the basis of departmental need, rotation of personnel or supervisory request; in other words, that the decision was a discretionary one. As was observed in Note, *Violations By Agencies of Their Own Regulations,* 87 Harv. L. Rev. 629, 642 (1974):

"[I]f the agency departs from the regulation without articulating its reasons, there can be no assurance that its departure is not capricious or based on an inadequate or discriminatory ground, or, if the departure does have a rational basis, that persons similarly situated will be able to obtain similar treatment."

See also *Citizens to Preserve Overton Park, Inc. v. Volpe* (1971), 401 U.S. 402, 420, 28 L. Ed. 2d 136, 155, 91 S. Ct. 814, where the court reversed and remanded to the trial court, finding the district court may "require some explanation [from the Secretary of Transportation] in order to determine

if [he] acted within the scope of his authority and if [his] action was justifiable under the applicable standard."

For the foregoing reasons we find that it was error for the court to grant the defendant's motion to dismiss. The judgment of the circuit court of Cook County is reversed and the cause remanded.

Reversed and remanded.

SIMON, P. J., and McNAMARA, J., concur.