LAWRENCE A. MORSOVILLO, Plaintiff-Appellant, *v.* CIVIL SERVICE COMMISSION OF THE CITY OF BLUE ISLAND *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 80-2722

Opinion filed October 21, 1981.

Walsh & Neville, Ltd., of Chicago (Ronald F. Neville and Matthew Walsh, of counsel), for appellant.

Judge, Drew, Cipolla & Kurnik, Ltd., of Park Ridge (Jay S. Judge, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Lawrence Morsovillo, brought this action for administrative review of his discharge from the police department by the Blue Island Civil Service Commission. The trial court affirmed the order of discharge, and plaintiff appeals.

Plaintiff was a police officer for the Blue Island Police Department. In February 1979, the chief of police ordered him to take a lie detector test relative to threats allegedly made against certain public officials of the city of Blue Island. The test was given to plaintiff on February 19,

1979, by John E. Reid and Associates. On March 19, 1979, plaintiff was suspended pending investigation of charges that he engaged in purposeful acts of noncooperation by distorting his respiration patterns during the test.

A hearing was conducted relative to the charge and certain witnesses testified. Although commission rules require all such hearings to be held before at least two commissioners, the commission appointed an outside hearing officer, and he alone heard the evidence.

At the hearing, which began April 19, 1979, plaintiff's counsel initially questioned the authority of the hearing officer and continued throughout the hearing to object to the absence of the two commissioners required by the rules. In overruling plaintiff's objections, the hearing officer stated that he would "not be making any findings as to the credibility of the witnesses." Testimony heard by the hearing officer included conflicting interpretations by two polygraph experts with regard to the readouts from plaintiff's test.

The hearings were concluded on May 10, 1979, after which the hearing officer recommended to the commission that it find plaintiff had purposefully distorted his respiration patterns during the polygraph test. The commission adopted the hearing officer's findings in full, ordered the chief of police to discharge plaintiff, and denied plaintiff's request for a rehearing. In seeking judicial review, plaintiff alleged several errors on the part of the hearing officer as well as his lack of authority to conduct the hearing. The trial court affirmed the commission's findings.

Plaintiff initially contends that the trial court incorrectly ruled that it was harmless error for the hearing to be conducted by a hearing officer rather than by a minimum of two commissioners as required by the commission's rules. Conversely, the commission contends that it is empowered by statute to appoint hearing officers and was justified in deviating from its rules based on the rule of necessity.

Discharge of the plaintiff is governed by statute and by rules made pursuant thereto. The commission is correct in professing its statutory power to appoint a hearing officer. (Ill. Rev. Stat. 1979, ch. 24, par. 10—1—18.) Furthermore, the use of a hearing officer, when authorized, to sift through and analyze evidence, has been approved by the courts. So long as the official who makes the final determination first considers and appraises the evidence which justifies it, there can be a hearing in a substantial sense. *Morgan v. United States* (1936), 298 U.S. 468, 80 L. Ed. 1288, 56 S. Ct. 906; *Des Plaines Currency Exchange, Inc. v. Knight* (1963), 29 Ill. 2d 244, 194 N.E.2d 89.

■■ A commission, however, is also required by statute to make its own rules regarding removals. (Ill. Rev. Stat. 1979, ch. 24, par. 10—1—5.) Once having established such rules a commission is thereafter bound by them.

(*Holland v. Quinn* (1978), 67 Ill. App. 3d 571, 385 N.E.2d 92; *Sye v. Wood Dale Fire Protection District No. 1* (1976), 43 Ill. App. 3d 48, 356 N.E.2d 938; *Berwyn Savings & Loan Association v. Illinois Savings & Loan Board* (1975), 29 Ill. App. 3d 965, 331 N.E.2d 254.) This is true even where a commission imposes upon itself, through its own rules, procedural duties beyond those required by statute. (*Sye v. Wood Dale Fire Protection District No. 1.*) Consequently, in the present case, hearings before the commission must be conducted before at least two commissioners even though, absent commission rules, the enabling statute would authorize the designation of an outside hearing officer.

■■ Although an agency is bound to follow its own rules, the commission correctly asserts that its failure to do so does not necessarily require reversal of the administrative order. Where the action is within the limitations set forth by the legislature and where it causes the complainant to suffer no prejudice, reversal is not required. (*Wells v. Health & Hospitals Governing Com.* (1977), 52 Ill. App. 3d 183, 367 N.E.2d 258; *Flynn v. Board of Fire & Police Commissioners* (1975), 33 Ill. App. 3d 394, 342 N.E.2d 298.) The use of a hearing officer in the present case was clearly authorized by the enabling statute. Therefore, the only issue is whether or not plaintiff was prejudiced by the commission's failure to adhere to its own rules.

In *Flynn* the court found no prejudice where the board, contrary to regulations, continued the hearing on its own motion beyond 30 days from the date of suspension. In *Wells* the commission failed to comply with a rule requiring that it give written notice to an employee of circumstances giving rise to any disciplinary action against him. The court found no prejudice since those circumstances had been discussed with the employee prior to the disciplinary hearing.

In contrast to *Flynn* and *Wells*, we find that the record supports a finding of prejudice in the present case. The basis of our holding is the strange assertion by the hearing officer that he would make no findings as to credibility. Such a statement is contrary to the duty he was required to perform. The principal issue at the hearing was a determination of the credibility of the two conflicting expert witnesses regarding the polygraph readouts of plaintiff's testing. While the hearing officer recommended that the commission find that plaintiff had purposefully distorted his respiration patterns during the test, we hold that, in view of the hearing officer's confusion as to his role, plaintiff was prejudiced by the commission's failure to adhere to its rules.

In light of our holding that plaintiff was prejudiced, it is unnecessary to consider the other assignments of error urged by plaintiff. Nor need we consider the rule of necessity, relied on by the commission to justify deviation from its rules, since it is clearly inapplicable in the present case.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings in compliance with the commission's rules and the holdings of this opinion.

Reversed and remanded.

RIZZI, P. J., and WHITE, J., concur.