CITIZENS STATE BANK OF MOUNT MORRIS, Plaintiff-Appellant, v. J. THOMAS JOHNSON, Director of the Illinois Department of Revenue, et al., Defendants-Appellees.

Second District   No. 84—35

Opinion filed January 23, 1985.—Rehearing denied March 15, 1985.

Besse, Frye, Arnold, Brooks & Miller, and John R. Kuczynski, both of Sterling, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Eugene P. Schmittgens and Scott D. Spooner, Assistant Attorneys General, of counsel), for appellees.

JUSTICE HOPF delivered the opinion of the court:

Plaintiff, Citizens State Bank of Mount Morris, brought a complaint for an injunction against J. Thomas Johnson, Director of the Illinois Department of Revenue (the Department), and James H. Donnewald, Treasurer of the State of Illinois (the Treasurer). Plaintiff argued that the Department had improperly disallowed certain deductions of interest income on plaintiff's 1979 and 1980 tax returns. The bank contends that under section 203 of the Illinois Income Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 2—203), the interest it earned on certain investments was exempt from State taxation at the time it filed its State returns. It urged that the Department and the Treasurer should be enjoined from depositing into the State treasury the sums paid by plaintiff under protest. Subsequent to the filing of briefs and memoranda, the defendant's motion for summary judgment was granted.

On appeal, plaintiff contends that the State of Illinois cannot retroactively tax the interest income earned from Government National Mortgage Association (GNMA) participation certificates. The Department published an information bulletin which stated that these certificates were deductible. On this basis, plaintiff argues, it filed its 1979

and 1980 returns and took the deductions. The Department published a subsequent bulletin which disallowed the deductions, and plaintiff argues the Department is estopped from applying the provisions of the subsequent Department bulletin retroactively. Plaintiff's second contention is that if the Department is allowed to apply the interpretation of the second bulletin, which would result in disallowing the deduction for interest income, such application is arbitrary, unreasonable and works a denial of plaintiff's due process rights under the fifth and fourteenth amendments to the United States Constitution.

The facts of this case are not in dispute. Plaintiff timely filed its Illinois income tax and Illinois replacement tax returns for the years ending December 31, 1979, and December 31, 1980. On those returns it deducted interest income it had earned on mortgage-backed certificates guaranteed by the GNMA. These certificates were owned by the bank as part of its investment portfolio. On the 1979 return plaintiff deducted $340,092.30. In 1980 it deducted $355,685.22. The parties agree that at the time the plaintiff filed its 1979 and 1980 Illinois tax returns, the only publication set out by the Department which addressed the topic of the deductibility of GNMA interest was the Illinois Income Tax Information Bulletin, Bulletin No. ITIB—1973—1. This bulletin stated that income earned from GNMA participation certificates was an obligation of the United States, was deductible and was exempt from State taxation pursuant to 31 U.S.C. sec. 742 (1976) (current version 31 U.S.C. sec. 3124 (1982)). Further, it stated recipients of such interest may deduct the amount thereof under section 203 of the Illinois Income Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 2—203). The bulletin went on to state: "It is important to note, however, that rulings interpreting this federal statute should be consulted for assurance that specific items of income come within its terms. For example, the U.S. Attorney General has rules [sic] that certain obligations issued by governmental agencies other than the Treasury Department are considered *** exempt from State taxation." Following this language there was a list of obligations described as exempt, which included GNMA participation certificates.

Plaintiff contends that it relied on ITIB—1973—1, 31 U.S.C. sec. 742 (1976) (currently 31 U.S.C. sec. 3124 (1982)) and the U.S. Attorney General Opinion referred to above when it claimed the deductions on line 5(a) of its 1979 and 1980 Illinois tax returns.

In October of 1982, plaintiff received notice the Department was disallowing the line 5(a) deductions which had been claimed on its 1979 and 1980 tax returns. The Department relied upon income tax Information Bulletin No. ITIB—1981—2 as authority for its disallowance of plaintiff's line 5(a) deductions of interest income from GNMA

certificates. The parties then proceeded through the process of audit review. On May 2, 1983, plaintiff paid $22,619 to the State of Illinois for an income tax and replacement tax deficiency arising from the disallowance of the line 5(a) interest deduction. The rationale for requiring the payment was that plaintiff should have been aware of ITIB—1981—2, which superseded ITIB—1973—1 and expressly stated that GNMA mortgage-backed securities were not exempt from State income taxation in view of a decision which had adjudicated the same issue, *Montgomery Ward Life Insurance Co. v. Department of Local Government Affairs* (1980), 89 Ill. App. 3d 292, 411 N.E.2d 973, *appeal denied* (1981), 82 Ill. 2d 585.

On August 30, 1983, plaintiff filed a complaint for injunction seeking to restrain the Department and the Treasurer from depositing the $42,816 which was ultimately paid by plaintiff under protest into the State Treasury. Plaintiff filed a stipulation of facts and legal issues, a motion for summary judgment as well as a memorandum of law. A hearing ensued. On December 23, 1983, the trial court granted defendant's motion for summary judgment.

Plaintiff's first contention on appeal concerns the question of whether the Department is bound by the provisions of ITIB—1973—1 and estopped to make a retroactive application of the provisions of the subsequent bulletin, ITIB—1981—2. Plaintiff argues that, other than ITIB—1973—1, the Department issued no publications or regulations which gave any guidance to the taxability of interest on GNMA securities. Thus, plaintiff contends, it acted reasonably in relying on the first bulletin, and the State is estopped to deny the provisions of the second bulletin retroactively. Plaintiff concedes that Illinois case law has clearly established the rule that estoppel does not apply to the State in the exercise of its taxing power "except under extraordinary circumstances." *Mobil Oil Corp. v. Johnson* (1982), 93 Ill. 2d 126, 135, 442 N.E.2d 846; *Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 4-5, 280 N.E.2d 437.

■ For the reasons discussed below, we find that estoppel does not bar the State from taxing plaintiff in the instant case.

Under the circumstances here, the authority by which the State taxes income of banking corporations is set forth by the Illinois Income Tax Act. (Ill. Rev. Stat. 1981, ch. 120, par. 2—201 *et seq.*) Section 2—203(b)(1), (2), of the Act defines "base income" for corporations. It provides that "base income" is an amount equal to taxable income as modified by adding or subtracting certain amounts. One of the items that must be deducted under the statute is: "An amount equal to all amounts included in such total which are exempt from taxation by this State either by reason of its Constitution or by rea-

son of the Constitution, treaties or statutes of the United States; ***." Ill. Rev. Stat. 1981, ch. 120, par. 2—203(b)(2)(H).

This provision, which plaintiff argues was unconstitutionally applied to him, was interpreted in *Montgomery Ward Life Insurance Co. v. Department of Local Government Affairs* (1980), 89 Ill. App. 3d 292, 411 N.E.2d 973, *appeal denied* (1981), 82 Ill. 2d 585. *Montgomery Ward* provides a detailed discussion of the history and purpose of GNMA and FNMA securities. The importance of the case for this appeal, however, can be limited to the fact that the court determined that GNMA certificates are not exempt from State and local taxation. The requirement found lacking was a binding promise by the United States to pay specified sums at specified dates. Because this promise was lacking, the "Ginnie Mae" certificates were ruled to not be obligations of the United States and thus not constitutionally immune from State tax. The court also stated:

> "To the extent that the regulations of the Department have exempted items which are not truly obligations of the United States, it has exceeded its statutory authorization and the regulation is invalid. A construction of the Property Tax Manual which exempts the Ginnie Maes would render the regulation invalid since they are not the type of property which the legislature intended to exempt. This court may properly find that inclusion of the Ginnie Maes as exempt property is improper and that the Department is therefore not precluded from taxing them." *Montgomery Ward Life Insurance Co. v. Department of Local Government Affairs* (1980), 89 Ill. App. 3d 292, 303, 411 N.E.2d 973, 981.

The recently decided case of *Rockford Life Insurance Co. v. Department of Revenue* (1984), 128 Ill. App. 3d 302, 470 N.E.2d 596, also involved issues quite similar to those raised here. The insurance company appealed from the Department of Revenue's assessment of its capital stock. The Illinois Department of Local Government Affairs reviewed and confirmed the assessment. Rockford Life sought judicial review and argued that certain securities, which made up the capital stock, apparently including mortgage-backed securities of GNMA, were direct obligations of the United States and immune from State taxation. Both the trial court and the appellate court determined that GNMA's were not immune from State taxation and that the Department's erroneous inclusion of nonexempt property as exempt property in its property tax manual did not preclude subsequent correction of the error and taxation of the property. Neither the Department's failure to assess the taxable property in prior years nor the erroneous ruling on the property provided the necessary showing of fraud or in-

justice required for the application of the doctrine of estoppel.

The holding of *Rockford Life Insurance Co. v. Department of Revenue* (1984), 128 Ill. App. 3d 302, 470 N.E.2d 596, compels us to conclude that plaintiff's estoppel argument in the instant case must fail. If the Department is not estopped by the erroneous information contained in a property tax manual, then it should not be estopped by the erroneous listing of exempt property in an information bulletin.

Even in those cases where a plaintiff can show detrimental reliance, the courts have refused to apply an estoppel against the State where public revenues are involved. (*Material Service Corp. v. Department of Revenue* (1982), 105 Ill. App. 3d 74, 78, 434 N.E.2d 763; *Mr. Car Wash, Inc. v. Department of Revenue* (1975), 27 Ill. App. 3d 931, 934, 327 N.E.2d 88; *Clare v. Bell* (1941), 378 Ill. 128, 37 N.E.2d 812.) In the case of *Superior Coal Co. v. Department of Revenue* (1954), 4 Ill. 2d 459, 123 N.E.2d 713, the court held that the doctrine of collateral estoppel could not be urged against the State in a situation where a rulemaking or administrative agency of the State made and followed, to some extent, erroneous rules and regulations. But see *Illinois Bell Telephone Co. v. Allphin* (1981), 95 Ill. App. 3d 115, 419 N.E.2d 1188, *aff'd* (1982), 93 Ill. 2d 241, 443 N.E.2d 580.

Plaintiff attempts to distinguish the above-cited cases on the basis of the fact that the present case does not involve "rules or regulations" but rather involves a bulletin of information. However, this distinction does not support plaintiff's position. It does not follow that plaintiff should be permitted to place more reliance on information contained in a bulletin preceding the publication of rules and regulations than it would place on the rules and regulations themselves. We have found no Illinois cases which have held that the Department is estopped to make a correction of an error in subsequent taxation of property. As the court noted in the *Montgomery Ward* case, " 'Taxation is the rule—tax exemption is the exception.' " *Montgomery Ward Life Insurance Co. v. Department of Local Government Affairs* (1980), 89 Ill. App. 3d 292, 302, 411 N.E.2d 973, 980, *appeal denied* (1981), 82 Ill. 2d 585.

Plaintiff also relies on the decision in the case of *Illinois Bell Telephone Co. v. Allphin* (1981), 95 Ill. App. 3d 115, 419 N.E.2d 1188, *aff'd* (1982), 93 Ill. 2d 241, 443 N.E.2d 580, where Bell sought to prevent the Department from collecting tax liabilities under the Messages Tax Act. Although the case had many issues, it ultimately held that Bell had complied with the Department's rules and regulations in paying an interstate tax. The court noted that even if the Act were construed to authorize taxation, the Department would not retroactively assess that tax on Bell. The court held that the Department

was "bound by the express written rules and regulations it mandated the taxpayer to follow." (*Illinois Bell Telephone Co. v. Allphin* (1981), 95 Ill. App. 3d 115, 419 N.E.2d 1188, 1197, *aff'd* (1982), 93 Ill. 2d 241, 443 N.E.2d 580.) However, *Allphin* is distinguishable from the present case. In the case at bar an "Information Bulletin" was relied on. No "rules and regulations" were in issue in the instant case.

Although the Department had apparently not made any other information available which plaintiff could have relied on in ascertaining the taxability of the certificates in issue, this does not necessarily mean that the plaintiff's reliance on the Department's bulletin precludes a retroactive application of the tax. As the State points out, the taxability of the GNMA certificates has been in question for some period of time. (*Cf. Smith v. Davis* (1944), 323 U.S. 111, 89 L. Ed. 107, 65 S. Ct. 157.) This, together with the fact that estoppel is not generally applied to a rule-making or administrative agency of the State (*Superior Coal Co. v. Department of Revenue* (1954), 4 Ill. 2d 459, 123 N.E.2d 713) leads to the conclusion that the Department is not estopped from making retroactive application of the tax. *Rockford Life Insurance Co. v. Department of Revenue* (1984), 128 Ill. App. 3d 302, 470 N.E.2d 596.

■ Plaintiff's second contention on appeal concerns the constitutionality of the Department's actions. It contends that the Department's application of ITIB—1981—2 so as to retroactively assess tax deficiencies is violative of plaintiff's due process rights, as guaranteed by the fifth and fourteenth amendments to the United States Constitution. Plaintiff also contends that the statute which provides the authority for the Department to tax corporations such as plaintiff (Ill. Rev. Stat. 1981, ch. 120, par. 2—203(b)(2)(H)) is vague and uncertain and therefore is violative of plaintiff's due process rights. Much of the authority plaintiff relies upon involves the same cases and principles just discussed regarding estoppel. For the reasons stated below, we see no constitutional infirmity in the proceedings held thus far.

With regard to the contention of retroactive application, plaintiff argues that the recent case of *Illinois Bell Telephone Co. v. Allphin* (1981), 95 Ill. App. 3d 115, 419 N.E.2d 1188, *aff'd* (1982), 93 Ill. 2d 241, 443 N.E.2d 580, is persuasive authority for the proposition that the Department is bound by its own rules, regulations and tax forms. The *Allphin* case held that the Department was precluded from making a retroactive application of tax under the Messages Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 467.1 *et seq.*). *Allphin*, which was discussed previously, does provide some language which is supportive of plaintiff's position. Although it appears that this language is *dicta*, it should be noted that the *Allphin* case seems to sidestep the holding in

*Montgomery Ward Life Insurance Co. v. Department of Local Government Affairs* (1980), 89 Ill. App. 3d 292, 302, 411 N.E.2d 973, 980-81, *appeal denied* (1981), 82 Ill. 2d 585. As previously discussed, the *Montgomery Ward* case formed the basis for the Department of Revenue's second bulletin, which found that GNMA certificates do not meet the required standards for being exempt from State taxation. In that case the court found that the property tax manual which exempts GNMA certificates was invalid because it was not the type of property which the legislature intended to exempt. Thus, it held, the Department was not precluded from taxing those certificates. *Montgomery Ward* was specifically referred to in *Allphin* when the court stated that, to the extent that it may support the Department's contention, it is not in accord with *Pressed Steel Car Co. v. Lyons* (1955), 7 Ill. 2d 95, 105-06, 129 N.E.2d 765, 770-71, and *Holland v. Quinn* (1978), 67 Ill. App. 3d 571, 574, 385 N.E.2d 92, 94. The court chose to follow the rationale and holdings of the latter cases. However, *Allphin*, as well as *Pressed Steel* and *Holland v. Quinn*, involved the retroactive application of rules or regulations of the Department. In this sense, *Allphin* and the authority it is based on are distinguishable. Further, in *Pressed Steel*, the taxpayer had entered into contractual relationships on the basis of the existing regulations. By contrast, plaintiff taxpayer in the instant case had not alleged that it entered into any agreements in reliance on the first bulletin. The only detriment plaintiff has alleged is its increased tax liability. We believe *Allphin* is not controlling under the circumstances presented in the instant case.

Plaintiff cites a number of cases which are factually distinguishable from the case at bar. Aside from those cases which dealt with retroactive application of statutes, there are also cases which involve retroactive application of written policies of governmental entities. In *Holland v. Quinn* (1978), 67 Ill. App. 3d 571, 385 N.E.2d 92, the court stated that the written policies of governmental agencies should be accorded the force and effect of law. However, in *Holland*, the court was dealing with the transfer policy of the Chicago fire department. The case turned on its facts and did not involve a public revenue question.

Plaintiff also contends that the bulletins in the instant case lack prefatory warnings which advise taxpayers that the bulletins are for information only. An examination of the bulletins shows that they are entitled "Information Bulletins." Given this title, it could be argued they are, as the title indicates, for information only. It should also be noted that plaintiff has not cited any authority for the proposition that the information bulletins have the force or effect of Department

rules or regulations. We see no reason to presume that they do. Plaintiff's contention that its due process rights were violated cannot succeed here.

■ Plaintiff also contends that section 203 of the Illinois Income Tax Act is vague and uncertain. (Ill. Rev. Stat. 1981, ch. 120, par. 2—203(b)(2)(H).) It contends that the language of the statute fails to delineate which items of income are exempt from taxation. We see no merit to this claim. The statute, previously quoted herein, is part of a complex web of law that must be viewed in the context of Federal, State and individual interests, and, as such, cannot in itself specifically delineate each exemption that may be available. Plaintiff relies on the case of *People ex rel. Duffy v. Hurley* (1949), 402 Ill. 562, 85 N.E.2d 26. The *Hurley* case stands for the proposition that in order for a statute to be valid it must be definite enough in its terms to serve as a guide to those who have a duty imposed upon them of following that statute. This principle, while clearly important in some situations, does not render the statute vague in the instant case. The challenged statute in this case contains reference to the Constitution and treaties, as well as to statutes of the United States. Thus, the statute by its own terms requires reference to Federal regulations in order to determine its scope. Under the circumstances of a tax question, as presented here, no more specific language could be contained in the challenged statute. Thus, we believe plaintiff's contention that section 203 of the Illinois Income Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 2—203) is vague is without merit.

In sum, the Department's issuance of bulletin ITIB—1973—1 did not estop it from issuing a subsequent bulletin with new information, or from retroactively taxing income previously deemed exempt. As previously stated, public policy ordinarily forbids application of estoppel to the State, and the mistakes of its agents will not estop it from collecting the tax. (*Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 4-5, 280 N.E.2d 437.) We see none of the "compelling circumstances" (*Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d 427, 220 N.E.2d 415, *cert. denied* (1967), 386 U.S. 934, 17 L. Ed. 2d 806, 87 S. Ct. 957; *Rockford Life Insurance Co. v. Department of Revenue* (1984), 128 Ill. App. 3d 302, 470 N.E.2d 596) that justify application of the doctrine.

For the reasons stated, the judgment of the circuit court of Ogle County is affirmed.

Affirmed.

NASH, P.J., and STROUSE, J., concur.