SANDRA WYNN, Plaintiff-Appellant, v. GREGORY L. COLER, Director, Illinois Department of Public Aid, *et al.*, Defendants-Appellees.

Fourth District No. 4—86—0911

Opinion filed August 24, 1987.—Rehearing denied September 25, 1987.

Valerie D. McWilliams, of Land of Lincoln Legal Assistance Foundation, Inc., of Champaign, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Karen Konieczny, Special Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following the termination of her Aid to Families with Dependent Children (AFDC) benefits, and the denial of her request for renewed AFDC benefits, plaintiff Sandra Wynn appealed the termination and denial of benefits to the Illinois Department of Public Aid (Department). Following a decision adverse to her, she filed a complaint for administrative review in the Vermilion County circuit court. She now appeals the circuit court's order which affirmed the Department's decision.

At the administrative hearing held May 16, 1986, Wynn stated that she last received an AFDC check in December 1985. Ms. Jolley, a public aid caseworker, testified that on January 14, 1986, the Wynn family's AFDC benefits were terminated for a period of seven months because of the family's receipt of lump sum social security disability benefits in the amount of $5,779.

Ralph Edwards, also a public aid caseworker, testified that Wynn filed a new application for AFDC benefits on March 6, 1986. This application was denied because of the previous determination that Wynn was ineligible for benefits for a period of seven months because her

assets exceeded the allowable amount.

Wynn further testified that when the retroactive lump sum social security payment was received, her husband used some of his share to buy a car, and she used some of her share to buy a car, a washer, a dryer and clothing. She also used some of her share to pay bills. Furthermore, her husband used part of his share to buy two stereos. All of the money had been spent by February 21, 1986.

Wynn's husband left the family home on February 21, 1986. However, he still receives mail at that address. Wynn has filed for a divorce, but she and her husband attend family counseling sessions at the request of the Department of Children and Family Services.

In a decision filed June 5, 1986, the Department upheld the termination of Wynn's AFDC benefits and the denial of her application for renewed benefits. With respect to the denial of Wynn's application for renewed AFDC benefits, the Department found that any changes in the circumstances of Wynn's household did not affect her family's period of ineligibility for AFDC benefits.

Several statutes, administrative regulations and policy statements are central to the contentions of the parties of this appeal. The Illinois Administrative Procedure Act (Act) (Ill. Rev. Stat. 1985, ch. 127, par. 1001 *et seq.*) provides in pertinent part:

" 'Rule' means each agency statement of general applicability that implements, applies, interprets, or prescribes law or policy, but does not include (a) statements concerning only the internal management of an agency and not affecting private rights or procedures available to persons or entities outside the agency, (b) informal advisory rulings issued pursuant to Section 9, (c) intra-agency memoranda or (d) the prescription of standardized forms." Ill. Rev. Stat. 1985, ch. 127, par. 1003.09.

"No agency rule is valid or effective against any person or party, nor may it be invoked by the agency for any purpose, until it has been made available for public inspection and filed with the Secretary of State as required by this Act. However, no agency shall assert the invalidity of a rule which it has adopted pursuant to this Act when an opposing party has relied upon such rule." Ill. Rev. Stat. 1985, ch. 127, par. 1004(c).

"General rulemaking. In all rulemaking *** each agency shall:

(a) Give at least 45 days' notice of its intended action to the general public. This first notice period shall commence on the first day the notice appears in the Illinois Register. The first notice shall include:

1. The text of the proposed rule, or the old and new materials of a proposed amendment, or the text of the provision to be repealed;

2. The specific statutory citation upon which the proposed rule, the proposed amendment to a rule or the proposed repeal of a rule is based and is authorized;

3. A complete description of the subjects and issues involved;

4. For all proposed rules and proposed amendments to rules, an initial regulatory flexibility analysis, which shall contain a description of the types of small businesses subject to the rule; a brief description of the proposed reporting, bookkeeping, and other procedures required for compliance with the rule; and a description of the types of professional skills necessary for compliance; and

5. The time, place and manner in which interested persons may present their views and comments concerning the proposed rulemaking." Ill. Rev. Stat. 1985, ch. 127, par. 1005.01.

Of specific relevance to the question of Wynn's entitlement to AFDC benefits are the following sections of the Illinois Administrative Code (Code):

"a) All currently available, unearned income which is not specified as exempt shall be considered in the determination of eligibility [for AFDC benefits], the level of the assistance payment and the basis of issuance for food stamps.

b) Unearned income is all income other than that received in the form of salary for services performed as an employee or profits from self-employment.

c) Unearned income such as need based payments, cash assistance, compensation in lieu of wages and allowances received through the Jobs Training Partnership Act." (89 Ill. Adm. Code 112.100 (1985.)

"If the assistance unit receives income in any month which, together with all other income received, after application of the appropriate income deductions and exemptions, exceeds the applicable AFDC standard of need for that unit size, the assistance unit is ineligible for assistance for a specific period of time. The period of time of ineligibility is the whole number of months the total income received by the assistance unit (minus the deductions and exemptions) would meet the applicable standard of need. Any of this income left over after the above calculation shall be considered as income in the first month fol-

lowing the period of ineligibility." (89 Ill. Adm. Code 112.127 (1985).)

Prior to July 31, 1985, the section of the AFDC Categorical Assistance Manual pertaining to treatment of lump sum retroactive social security benefits in the context of section 112.127 of chapter I of Title 89 of the Administrative Code provided:

"A payment received as a retroactive payment for income that continues on a regular basis is *not* treated as non-recurring income. Examples of this type of payment are retroactive Unemployment Insurance benefits, retroactive Social Security benefit payments, etc. Consider this type of payment during the month it was received. For the following month(s), any remaining income is considered an asset. Budget the retroactive payment along with other non-exempt income in the corresponding payment month." (AFDC Categorical Assistance Manual PO-615.6 (1985).)

Effective July 31, 1985, the relevant sections of the Manual were revised so that they now read:

"A payment received as a retroactive payment for income that continues on a regular basis is considered a lump sum payment. Examples of this type of payment are retroactive Unemployment Insurance benefits, retroactive Social Security payments, etc." (AFDC Categorical Assistance Manual PO 510.2(a)(1) (1985).)

"Lump Sum Payments and Budgeting Nonrecurring Income

When a client reports or the local office becomes aware of receipt of a lump sum payment or nonrecurring income, make the following determination of continued eligibility:

a. If the lump sum payment or nonrecurring income and other regular monthly income remaining after appropriate deductions is sufficient to meet the assistance unit's needs at the Standard of Need level for more than one month, discontinue assistance. The case is ineligible for the number of months the lump sum payment or nonrecurring income will meet the needs of the assistance unit using the Standard of Need." AFDC Categorical Assistance Manual PO 615.6 (1985).

Wynn contends that the July 31, 1985, change in policy regarding treatment of retroactive lump sum social security payments for the purpose of determining eligibility for AFDC benefits was improperly applied to her, because notice of this proposed change in policy was never published in the Illinois Register prior to its purported effective

date. Wynn further argues that this change in policy falls within none of the four exceptions of the Act's public notice and comment requirements for administrative rules. She finally contends that since the July 31, 1985, change in policy regarding retroactive lump sum social security payments is ineffective because it was not promulgated in compliance with the Act, the procedure for treatment of such payments in determining AFDC eligibility which was in effect prior to July 31, 1985, was still in effect when her benefits were terminated and when she applied for renewed AFDC benefits in February 1986. Thus she asserts that her eligibility for AFDC benefits should be reevaluated in accordance with the old policy and all wrongfully withheld benefits restored to her.

The Department does not challenge Wynn's contention that notice of the July 31, 1985, change in policy regarding treatment of lump sum retroactive social security payments for the purpose of determining AFDC eligibility was never published in the Illinois Register. The Department asserts that it was clearly the intention of Congress in passing the Omnibus Budget Reconciliation Act of 1981 (Pub. L. No. 97–35, 95 Stat. 357 (1981)) to require that lump sum receipts, such as retroactive social security payments, be budgeted on a monthly basis in determining eligibility for AFDC benefits. The Department also asserts that its intra-agency treatment of retroactive social security payments appears to have been internally inconsistent over the years, because lump sum payments, such as that involved in the present case, have been held budgetable over a period of months for purposes of eligibility for general assistance since 1983. The Department also asserts that sections 112.100 and 112.127 of chapter I, Title 89, of the Illinois Administrative Code contain language which indicates that lump sum payments, such as the retroactive social security payment here at issue, are income which is to be budgeted on a monthly basis in determining AFDC eligibility. Finally, the Department asserts a decision favorable to Wynn would be violative of Federal law, since Federal regulations require that retroactive lump sum social security payments be budgeted on a monthly basis in determining eligibility for AFDC benefits.

In her reply argument, Wynn asserts it is preposterous to suggest it has always been the Department's official policy to budget retroactive lump sum social security payments merely because the relevant Illinois Administrative Code provision dealing with lump sum income is silent as to this matter. Wynn also notes that the administrative decision in this case demonstrates that the Department considers the Categorical Assistance Manual provisions to more accurately reflect

its official policy than provisions of the Illinois Administrative Code, for provisions of the Categorical Assistance Manual are cited in the decision, while no Code provisions are cited.

Wynn additionally argues that although the Department was not required to define budgetable income, if it chose to do so, its regulations defining such income should have been promulgated in accordance with the Act. Wynn further maintains that even if the July 31, 1985, change in the treatment of retroactive lump sum social security payments was required by Federal law, the Department was still required to comply with the Act in promulgating that change in policy by issuing either a peremptory or a general rule. Finally, Wynn asserts that a decision favorable to her would not be violative of Federal law, since nothing prevents a State from providing more generous benefits under the AFDC program than are provided for by Federal law, so long as the State finances the additional benefits with its own funds.

Both parties overlook the fact that the policy statement contained in the Categorical Assistance Manual prior to July 31, 1985, relative to treatment of lump sum social security payments for purposes of AFDC eligibility, like the policy pertaining to such payments which became effective on that date, had not been properly promulgated as an administrative rule as of February 1986. Thus the only properly promulgated rules relative to treatment of lump sum payments for purposes of AFDC eligibility at the time of termination of Wynn's AFDC benefits and her February 1986 application for renewed AFDC benefits were sections 112.100 and 112.127 of chapter I, Title 89, of the Illinois Administrative Code. (89 Ill. Adm. Code 112.100, 112.127 (1985).) These sections clearly provide that all income is to be considered in determining eligibility for AFDC benefits; they do not exclude lump sum social security benefits. Thus under terms of the only relevant and properly promulgated administrative rules in force when Wynn's AFDC benefits were terminated and when she applied for renewed AFDC benefits, she was ineligible for such benefits.

As Wynn notes, there are cases holding that a policy or custom not properly promulgated as an administrative rule, such as the Categorical Assistance Manual provision pertaining to lump sum social security payments in effect prior to July 31, 1985, may nevertheless be binding on an administrative agency. (See, *e.g.*, *Gatica v. Department of Public Aid* (1981), 98 Ill. App. 3d 101, 423 N.E.2d 1292; *Holland v. Quinn* (1978), 67 Ill. App. 3d 571, 385 N.E.2d 92; *Briscoe v. Kusper* (7th Cir. 1970), 435 F.2d 1046.) Pervading all such decisions, however, is the concept that the party alleging the administrative agency is

bound by the prior policy or custom relied upon it to his or her detriment. Therefore, the administrative agency is in effect estopped from asserting that it is not bound by the policy or custom.

In the present case, Wynn did not even testify that she was aware of the pre-July 31, 1985, statement contained in the Categorical Assistance Manual pertaining to lump sum social security benefits when her family received the lump sum social security payment, when her AFDC benefits were terminated, or when she applied for renewed AFDC benefits in February 1986. Thus Wynn did not establish that she relied on the pre-July 31, 1985, policy statement to her detriment, and we cannot hold that the Department is bound by it under the facts of this case.

Because the policy statement by which Wynn asserts the Department is bound was never validly promulgated as an administrative rule, and there is no evidence that Wynn relied upon that policy statement to her detriment, we need not specifically consider the remaining arguments advanced and authorities cited by the parties.

The decision of the circuit court is affirmed.

Affirmed.

SPITZ, P.J., and KNECHT, J., concur.